**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL MORANA, Individually and On Behalf Of All Other Persons Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PARK HOTELS & RESORTS, INC. d/b/a HILTON WORLDWIDE HOLDINGS, INC., HLT NY WALDORF LLC, HILTON DOMESTIC OPERATING CO. INC., and WALDORF=ASTORIA MANAGEMENT LLC,<br><br>　　　　　Defendants. | Case No.  1:20-cv-02797-RA |

**DECLARATION OF JOSEPH A. PIESCO**

JOSEPH A. PIESCO hereby declares as follows:

1. I am a partner with the firm of DLA Piper LLP (US), counsel for Defendants Park Hotels & Resorts Inc. (f/k/a Hilton Worldwide, Inc.), Hilton Worldwide Holdings Inc.[1], HLT NY Waldorf LLC, Hilton Domestic Operating Company Inc., and Waldorf=Astoria Management LLC (together, the "Defendants") in this matter.  I submit this declaration in support of Defendants' motion to dismiss the First Amended Complaint (ECF No. 13, the "FAC") of Plaintiff Michael Morana ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6), or in the alternative, to compel Plaintiff's claims to individual arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* in the above-captioned action.

---

[1] The caption of Plaintiff's FAC misstates the proper name of "Park Hotels & Resorts Inc.", as well as, "Hilton Worldwide Holdings Inc."  Further, Plaintiff alleges that Defendant Park Hotels & Resorts Inc. is doing business as Hilton Worldwide Holdings Inc.  This is not correct.

1

2. Attached hereto as **Exhibit A** is a true and correct exemplar of the Banquet Services Agreement (the "BSA"), dated July 28, 2016, used by the Waldorf Astoria during the relevant limitations period in the above-referenced action. Customer information has been redacted from this exhibit.

3. Attached hereto as **Exhibit B** is a true and correct copy of the collective bargaining agreement (the "CBA") existing between Hotel Association of New York City (which includes the New York City Waldorf Astoria) and the New York Hotel and Motel Trades Counsel, AFL-CIO (the "Union"), which was in effect from July 1, 2012 through June 30, 2019.

4. Attached hereto as **Exhibits C-1** through **C-3** are true and correct exemplars of the 3 separate Voluntary Agreement and General Releases (the "Release Agreements"), which various Waldorf Astoria banquet services employees executed following the termination of their employment (the only substantive difference being the severance package chosen by the former banquet services employee).

5. Attached hereto as **Exhibit D** is a true and correct copy of a Settlement Agreement entered into between the Union and the Waldorf Astoria, dated December 14, 2010, resolving a grievance filed by Plaintiff's Union concerning the percentages of banquet revenue allocated among banquet services employees (including Plaintiff) and hotel management.

6. Attached hereto as **Exhibit E** is a true and correct copy of a Settlement Agreement entered into between Plaintiff's Union and the Waldorf Astoria, dated December 14, 2010, resolving a grievance concerning the percentages of banquet revenue allocated among banquet services employees (including Plaintiff) and hotel management.

7. Attached hereto as **Exhibit F** is a true and correct copy of a Settlement Agreement entered into between the Union and the Waldorf Astoria, dated May 25, 1999, resolving a grievance concerning disputes regarding the gratuity allocation among service staff employees. The names of any Union members have been redacted from this Exhibit.

8. Attached hereto as **Exhibit G** is a true and correct copy of the Agreement re At-Will Employment and Arbitration (the "Individual Arbitration Agreement"), dated January 18, 2018, executed by Plaintiff.

I declare under penalty of perjury under the laws of the State of New York and the United States that the foregoing is true and correct.

Signature: /s/ Joseph A. Piesco, Jr., Esq.

Printed Name: Joseph A. Piesco, Jr., Esq.

Date: July 13, 2020