# EXHIBIT C-1

# **OPTION 1**

## **VOLUNTARY AGREEMENT AND GENERAL RELEASE**

I, (LAST NAME, FIRST NAME) understand and of my own free will enter into this VOLUNTARY AGREEMENT AND GENERAL RELEASE ("AGREEMENT") with the Waldorf Astoria New York Hotel ("Employer") and agree as follows:

1. In anticipation of a prolonged job loss occasioned by renovations, my employment with the Employer will be separated no later than sixty (60) days from the Effective Date of this Agreement. I hereby waive my recall rights pursuant to the applicable collective bargaining agreement and agree that I shall not seek future employment with the Employer and the Employer is under no obligation to re-employ or re-hire me.

2. On or about 3/1/2017 the Employer informed me it would pay me severance in accordance with Article 52 of the IWA and offer me additional enhanced severance in the amount of twenty five (25) days pay for each year of service, for a total of twenty nine (29) days per year of service for a total gross amount of $(29 DAYS OF SEVERANCE), less the $(4 DAYS OF SEVERANCE) in severance already paid to me in connection with the closing of the Hotel for renovations, for a total net amount of $(25 DAYS OF SEVERANCE), payable thirty-one (31) days after cessation of my employment for any reason, and any accrued unused benefit time in accordance with the IWA, all less usual statutory deductions, if and only if, I sign this release and comply with its terms. I understand that the Employer will make contributions to the Hotel Industry Benefits Funds based upon the regular severance in accordance with Article 52 of the Industry Wide Agreement. I understand this AGREEMENT will not become effective until the eighth day after the Employer has received my signed copy of it. During that period, I may revoke this AGREEMENT. I understand that the Employer is not required to provide the severance until after the AGREEMENT becomes effective. I understand that this AGREEMENT does not constitute an admission by the Employer of any violation of any statute, law or regulation; breach of contract, actual or implied; or commission of any tort or of any liability or unlawful conduct of any kind, and shall not be introduced in any proceeding except for purposes of enforcing its terms, unless otherwise required by law.

3. I realize there are many laws and regulations prohibiting employment discrimination and governing employment pursuant to which I may have rights or claims. These include, but are not limited to, Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act; the Americans with Disabilities Act; 42 U.S.C. 1981; the Family Medical Leave Act; the Sarbanes-Oxley Act; Health Insurance Portability and Accountability Act; the Older Workers' Benefit Protection Act ("OWBPA"); the Labor Management Relations Act; Worker Adjustment and Retraining Notification Act; the Fair Labor Standards Act; Employee Retirement Income Security Act of 1974 (except for any vested benefits under any tax qualified benefit plan); Consolidated Omnibus Budget Reconciliation Act; Occupational Safety and Health Act; Civil Rights Act of 1866 and 1871; the Equal Pay Act; the Immigration Reform and Control Act; the Fair Credit Reporting Act; the National Labor Relations Act; the New York Human Rights Law; the New York State Constitution; the New York State Labor Law; the New York Civil Rights Law; the New York State Equal Rights Law, the New York City Human Rights Law; New York State Wage and Hour Laws; the retaliation provisions of the New York State Workers' Compensation and Disability Laws; the New York State Activities Law; the New York State Worker Adjustment and Retraining Notification Act, the New York State Wage Payment Laws, the New York State Equal Pay Law, the New York Occupational Safety and Health Laws, the New York City Administrative Code; the State and City Human Rights

1

Laws; and other federal state and city employment and wage and hour laws or collective bargaining agreement. I also understand that there are other statutes, and laws of contract and tort otherwise relating to my employment. I intend to waive and release any rights I may have under these and other laws, but I do not intend to nor am I waiving any rights or claims that may arise after the date that I sign this AGREEMENT.

4. In exchange for the enhanced severance not otherwise due me that the Employer will provide under this AGREEMENT, on behalf of myself, my heirs and personal representatives, I release and discharge the Employer, Hilton Worldwide Holdings, Inc., the owner of the Waldorf Astoria, their respective parents, subsidiaries, affiliates and divisions and their respective successors and assigns and their trustees, directors, officers, representatives, shareholders, agents, employees and their respective predecessors, heirs and personal representatives from any and all charges, claims and actions arising out of my employment or the termination of my employment with the Employer, including but not limited to claims described in paragraph three (3) above, of any nature whatsoever, whether known or unknown, listed or not listed herein. If any claim is not subject to release, to the extent permitted by law, I waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other released party as set forth in this Agreement is a party. I will immediately withdraw with prejudice any such charges, claims and actions that I have brought before signing this AGREEMENT, and I will not bring any such charges, claims and actions against the Employer in the future based on events occurring prior to this AGREEMENT. In the event that a claim is brought against the Employer with respect to matters arising up to the date I sign this AGREEMENT, I waive all rights to damages, benefits or relief of any kind, including but not limited to reinstatement, back pay or front pay from that claim. Nothing contained in this AGREEMENT shall be construed so as to prohibit me from participating in any investigation or proceeding conducted by a local, state, or federal agency including, but not limited to, the EEOC. This AGREEMENT shall, however, prohibit me from recovering any individual relief, compensation, or damages in any such charge, complaint, claim or lawsuit filed by anyone.

5. I waive any right I might otherwise have to a trial by jury in any action or proceeding to interpret or enforce this AGREEMENT. If one or more paragraphs, or parts of paragraphs of this AGREEMENT shall be ruled unenforceable, the remainder of this AGREEMENT, including the release provisions, shall continue in full force and effect. A court of competent jurisdiction may modify the defective provision to cure any defect, consistent with a maximum release by law, if possible. This AGREEMENT sets forth the entire AGREEMENT between me and the Employer and may not be modified orally.

6. This AGREEMENT is intended to comply with the Older Workers Benefit Protection Act amendments to ADEA and should be so construed to maximum enforcement, notwithstanding any other provision herein.

7. I have been advised to and have had an opportunity to consult an attorney before signing this AGREEMENT and was given a period of at least forty-five (45) days to consider the AGREEMENT. By signing this AGREEMENT, I waive said forty-five (45) day period or any balance remaining. If I do not sign and return this AGREEMENT to the Employer by the close of business forty-five (45) days from my receipt, I understand and agree that the Employer's offer of enhanced severance is rescinded. Attachment 1 to this Agreement sets forth the ages and job titles of the employees offered this option. All employees represented by the Union were offered the identical severance package based on years of service, if they wished to voluntarily separate their employment. I understand that once the AGREEMENT is signed, I have the right to revoke it during the immediate seven (7) days following the signing. The Employer shall not be required to perform any obligations

under this AGREEMENT until after the expiration of the seven (7) day period. I acknowledge that in signing this AGREEMENT, I have relied only on the promises written in this AGREEMENT and not on any other statement made by the Employer. I acknowledge that the Employer has provided and I have had sufficient time to review this AGREEMENT with the advice of such persons and professionals, as I desire. I have read this AGREEMENT AND GENERAL RELEASE and I understand all of its terms. I enter into and sign this AGREEMENT knowingly and voluntarily, with full knowledge of what it means.

8.   I acknowledge that I have been fully and fairly represented by the Union and that I enter into this AGREEMENT knowingly and voluntarily.

9.   This AGREEMENT shall be deemed to have been made within the County of New York, State of New York, and shall be interpreted, construed and enforced in accordance with the laws of the United States and State of New York, before the Courts in the County of New York.

<u>WALDORF ASTORIA NEW YORK HOTEL</u>
EMPLOYER

By: _____          _____
Name: (Human Resources)                                    Employee Signature
Title: Human Resources

                                                                                _____
                                                                                Date


State of New York   }ss
County of New York}

On this _____ day of _____, 2019 personally came _____, to me known and known to me to be the individual described in and who executed the foregoing VOLUNTARY AGREEMENT AND GENERAL RELEASE, and duly acknowledged to me that he/she executed the same.


_____
Notary Public

3