## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MICHAEL MORANA, Individually and On Behalf
Of All Other Persons Similarly Situated,

                    Plaintiff,

    v.

PARK HOTELS & RESORTS, INC. d/b/a HILTON
WORLDWIDE HOLDINGS, INC., HLT NY
WALDORF LLC, HILTON DOMESTIC
OPERATING CO. INC., and
WALDORF=ASTORIA MANAGEMENT LLC,

                    Defendants.

Case No.  1:20-cv-02797-RA

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION

**DLA PIPER LLP (US)**
Joseph A. Piesco, Jr., Esq.
joseph.piesco@dlapiper.com
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

LEGAL ARGUMENT.....................................................................................................................3

    I.      CAFA JURISDICTION DOES NOT EXIST....................................................................3

    II.    PLAINTIFF IS REQUIRED TO ARBITRATE HIS CLAIMS ....................................5

    III.   PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW ..........................................7

    IV.   PERSONAL JURISDICTION OVER HWH DOES NOT EXIST .............................9

    V.    HWH AND HLT ARE NOT JOINT EMPLOYERS ....................................................9

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*,
  160 A.D.3d 555 (1st Dep't 2018), *leave to appeal denied*, 32 N.Y.3d 901
  (2018) ................................................................................................................7

*Belizaire v. Ahold U.S.A., Inc.*,
  2019 WL 280367 (S.D.N.Y. Jan. 22, 2019), *aff'd*, 796 F. App'x 51 (2d Cir.
  2020) ................................................................................................................8

*Chufen Chen v. Dunkin' Brands, Inc.*,
  954 F.3d 492 (2d Cir. 2020) ...........................................................................9

*In re Domino's Pizza Inc.*,
  2018 WL 4757944 (S.D.N.Y. Sept. 30, 2018) ...............................................9

*Foy v Pratt & Whitney Grp.*,
  127 F.3d 229 (2d Cir. 1997) ...........................................................................6

*Freeman v. River Manor Corp.*,
  2019 WL 1177717 (E.D.N.Y. Mar. 13, 2019), *mod. on recon.*, 2019 WL
  3578432 (E.D.N.Y. Aug. 5, 2019) ..................................................................6

*Gucci Am., Inc. v. Bank of China*,
  768 F.3d 122 (2d Cir. 2014) ...........................................................................9

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999) ...........................................................................9

*Hsueh v. Bank of N.Y.*,
  2006 WL 2778858 (S.D.N.Y. Sept. 26, 2006) ...............................................4

*Hugee v. SJC Grp., Inc.*,
  2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013) ..............................................10

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
  12 N.Y.3d 132 (2009) ......................................................................................8

*Levy v. Verizon Info. Servs., Inc.*,
  498 F. Supp. 2d 586 (E.D.N.Y. 2007) ............................................................7

*Lewis v. NYC Dep't of Educ.*,
  2013 WL 5405534 (S.D.N.Y. Sept. 25, 2013) ...............................................4

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    673 F.3d 50 (2d Cir. 2012)..............................................................................8

*Local One Security Officers Union v. N.Y. Univ.*,
    2019 WL 4254026 (S.D.N.Y. Sept. 9, 2019).............................................5

*Lopez v. Acme Am. Envtl. Co.*,
    2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ...........................................10

*In re Michael Stapleton Assocs. Ltd.*,
    2018 WL 3962931 (S.D.N.Y. Aug. 17, 2018)..........................................10

*Orozco v. Fresh Direct, LLC*,
    2016 WL 5416510 (S.D.N.Y. Sept. 27, 2016)............................................8

*Plummer v. Klepak*,
    48 N.Y.2d 486 (1979) ...............................................................................5

*Richardson v. Am. Arbitration Ass'n*,
    888 F. Supp. 604 (S.D.N.Y. 1995) ...........................................................5

*Shearon v. Comfort Tech Mech. Co.*,
    936 F. Supp. 2d 143 (E.D.N.Y. 2013) ......................................................6

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*,
    198 F.3d 88 (2d Cir. 1999).......................................................................5

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
    750 F.3d 221 (2d Cir. 2014)......................................................................9

*Spicer v. Pier Sixty LLC*,
    269 F.R.D. 321 (S.D.N.Y. 2010) ..............................................................7

*Stolarik v. N.Y. Times Co.*,
    323 F. Supp. 3d 523 (S.D.N.Y. 2018).......................................................6

*Tannerite Sports, LLC v. NBCUniversal News Grp.*,
    864 F.3d 236 (2d Cir. 2017)....................................................................10

*Wynn v. AC Rochester*,
    273 F.3d 153 (2d Cir. 2001)......................................................................6

*Xiaoyan Liu v. Canteen 82 Inc.*,
    2018 WL 6067228 (S.D.N.Y. Nov. 20, 2018)...........................................9

**Statutes & Other Authorities**

Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq*. ....................................... *passim*

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ..................................................................10

Fed. R. Civ. P. 12(b)(1)..........................................................................................................10

Fed. R. Civ. P. 12(b)(2)..........................................................................................................10

Fed. R. Civ. P. 12(b)(6)..........................................................................................................10

NYLL § 196-d...................................................................................................... *passim*

Defendants[1] respectfully submit this reply memorandum of law in further support of their Motion to Dismiss Plaintiff's FAC or, in the alternative, to compel individual arbitration pursuant to the FAA.  (ECF Nos. 33-36.)[2]

## PRELIMINARY STATEMENT

The instant action does *not* belong in this or any other Court – it properly should be arbitrated (and summarily disposed of).  Plaintiff's opposition to the Motion (the "Opposition" or "Opp.") proffers nothing to the contrary; indeed, it is rife with misstatements of law and overt contradictions on even the most basic aspects and scope of his own claims, including the scope of the alleged putative class.  Plaintiff puts forward *no* support for CAFA jurisdiction; offers self-contradictory positions for why his claims are not arbitrable; and fails to address, and thus concedes, the *a priori* issue of arbitrability is reserved for an arbitrator – not a court.

Initially, Plaintiff cannot meet CAFA's 100-person requirement:  it is undisputed that all but 66 banquet service workers at the Waldorf Astoria executed releases.  To overcome this, Plaintiff contends he is representing *all* "tipped" employees at *all* New York hotels owned and operated by Defendants, which entities he claims are his "joint employers" – even though he has no standing to do so as all "factual" allegations in the FAC solely relate to the BSA.  (*See* Opp., pp. 7-8.)  Incredibly, in the same breath, Plaintiff states *he is not seeking to represent tipped employees at the "Defendant New York Hilton," i.e.*, the hotel at which he worked following the Waldorf Astoria – even though this is not explained anywhere in the FAC.  (*See id.*, pp. 7, 12-14.)  Why does he do this?  To avoid the arbitration agreement he concededly signed with the New York

---

[1] Defined Terms herein are the same as those defined in Defendants' opening memorandum of law in support of their Motion (also referred to herein as, "MTD").  (ECF No. 34.)

[2] True and correct copies of exhibits ("Ex. [_]") submitted in support of Defendants' Motion are annexed to the Supplemental Declaration of Joseph A. Piesco, Jr., dated August 10, 2020 ("Supp. Piesco Decl.").

Hilton – which, according to his own claims, is "jointly owned [and] managed" by Defendants, his alleged "joint employers."  (Comp., ¶ 20.)  Plaintiff cannot simultaneously seek to represent all "tipped" employees at every New York hotel, but conveniently exclude the New York Hilton to escape his arbitration obligations.  This is inconsistent with the FAC and irreconcilable.

That aside, the only "claim" in the FAC – *i.e.*, with any actual (though meritless) "factual" basis – is Plaintiff's gratuities claim, which exclusively is based on the BSA which he concedes was applicable only to banquet servers at the Waldorf Astoria.  Indeed, aside from his claims premised on the BSA's "Gratuity & Administrative Charge" section, the FAC ***does not contain a single factual allegation*** regarding any other tipped employees being denied gratuities, whether at the Waldorf Astoria or elsewhere.  This, no doubt, is because Plaintiff's only cognizable "injury" relates solely to the Waldorf Astoria's BSA, and he has no standing to represent every (or any) "tipped" employee at other hotels.[3]   In short, because there are less than 100 potential class members, CAFA jurisdiction does not exist.

Plaintiff's attempts to avoid arbitration equally lack merit.  First, the Individual Arbitration Agreement applies, both because Plaintiff admits he executed it when he was hired by "Defendant New York Hilton" (Opp., p. 7), and because Defendants purportedly "jointly, own, operate, and/or manage hotels, restaurants, and resorts throughout New York" (Compl., ¶ 20; *see also* Opp., pp. 23-25).  Plainly, if he seeks to represent ***all*** employees at ***all*** hotels owned or operated by Defendants, this includes the New York Hilton and the Individual Arbitration Agreement applies.[4]

---

[3] Indeed, how could Plaintiff possibly satisfy Rule 23's requirements?  The FAC does not allege ***any*** other policy, practice, gratuities agreements or other ***factual allegations*** supporting a claim under NYLL § 196-d as to any other "tipped" employees at the Waldorf Astoria, let alone "tipped" employee at any other New York hotel.

[4] Insofar as retroactive application of the Individual Arbitration Agreement, Plaintiff cites nothing permitting a court to unilaterally decide to apply such retroactively, and the one case he cites even applied the agreement retroactively.

2

Plaintiff also must arbitrate under the CBA.  First, his claim that neither he nor the Waldorf Astoria are parties to the CBA is, to use Plaintiff's phrase, "preposterous":  substantial authority holds that a union member, like Plaintiff, is bound by and a "party" to a CBA, while the Waldorf Astoria hotel has long been a party by virtue of its membership in the trade association, Hotel Association of New York City, Inc., which entered into the CBA on its behalf.  As to arbitrability, the CBA's Arbitration Article unambiguously reserves the threshold issue of arbitrability for an arbitrator, a point that Plaintiff concedes.  The CBA additionally requires arbitration on the merits, as Plaintiff's claims do not simply require "consulting" of the CBA, but are inextricably intertwined with the its terms and conditions regarding the BSA and gratuities for banquet servers and, as such, are preempted by the LMRA.

Plaintiff's substantive claims also fail as a matter of law.  The BSA, referenced throughout the FAC, indisputably complies with the NYLL.  There is no "fact question" for a jury; whether the BSA complies with the NYLL is an issue of law.  And, his unjust enrichment claim cannot survive because written agreements (here the CBA and the BSA) exist governing the same matters.

Finally, Plaintiff has proffered no basis why either HWH or HLT should not be dismissed. The competent evidence shows HWH conducts no business in New York.  HWH's SEC filings, which detail its indirect "holdings" throughout the world, hardly demonstrates that HWH directly owns and/or operates any hotels in New York.  Moreover, neither HWH nor HLT was Plaintiff's "employer," and Plaintiff's conclusory allegations do not support a "joint employment."

## LEGAL ARGUMENT

## I.  CAFA JURISDICTION DOES NOT EXIST

Plaintiff claims to have standing to represent all of Defendants' New York "non-exempt employees, including but not limited to servers, food servers, beverage servers, banquet servers,

or other employees with similar job duties," based on Defendants' purported "ongoing violation of § 196-d", which allegedly deprived Class members "of receiving the service fee surcharges that Defendants should have paid them."  (Opp., pp. 7-8 [quoting Compl.].)  Plaintiff is wrong.

While Plaintiff purports to represent all "tipped" New York workers, the FAC and Opposition make clear that the only alleged NYLL § 196-d violation – the sole injury "suffered" by Plaintiff – arises exclusively from the BSA's "service fees".  (*See* Opp., p. 15.)  It is undisputed that the BSA applied only to banquet service workers at the Waldorf Astoria – it did not apply to any other "tipped" employees, either at the Waldorf Astoria or any other hotel anywhere – and is the only document to have allegedly "confuse[d] customers."  (Compl., ¶ 25.)  Other than the BSA, Plaintiff alleges ***no*** purportedly "confusing" service charges applicable to other "tipped" employees:  there are no allegations about any agreements, policies, practices, written documents given to customers (*e.g.*, menus, checks, etc.), that Plaintiff claims violate NYLL § 196-d.

Indeed, Plaintiff repeatedly affirms that his "claims are based on his experiences of Defendants' conduct ***while he was employed at the Waldorf Astoria***".  (*See* Opp., pp. 12-13 [emphasis added].)  Incredibly, Plaintiff now claims he is ***not*** seeking to represent "tipped" employees at the New York Hilton.  (*See id.*, p. 15.)  It is farcical for Plaintiff to make such an assertion, yet argue he can represent every "tipped" employee in New York.

In short, Plaintiff only could have standing (if at all) to represent banquet services employees at the Waldorf Astoria.  Thus, the Putative Class consists of (at most) 66 members.  (*See* Wilcox Decl., ¶¶ 10-11; *see also* Piesco Decl., Exs. C-1 to C-3.)  That number is far below the minimum required by CAFA[5].  *See* 28 U.S.C. § 1332(d)(5).

---

[5] The Court clearly can address the issue of the Release Agreements in connection with this Motion, if for no other reason than to promote judicial economy.  *See Hsueh v. Bank of N.Y.*, 2006 WL 2778858, at *6 (S.D.N.Y. Sept. 26, 2006); *Lewis v. NYC Dep't of Educ.*, 2013 WL 5405534, at *4 (S.D.N.Y. Sept. 25, 2013).

## II.     PLAINTIFF IS REQUIRED TO ARBITRATE HIS CLAIMS

Plaintiff undoubtedly agreed to arbitrate his claims on an individual basis pursuant to both the Individual Arbitration Agreement (*see* Piesco Decl., Ex. G) and the CBA's Arbitration Article, the latter of which expressly requires that ***the question of arbitrability be reserved for an arbitrator*** (*see id.*, Ex. B, pp. 20-21).[6]  His opposition on these points lack merit.

With respect to the Individual Arbitration Agreement, Plaintiff's contention that the term "Company" is not defined is a red herring.  Plaintiff admits that "[d]uring his on-boarding process with ***Defendant New York Hilton***, [he] executed the . . . [Individual] Arbitration Agreement." (Opp., p. 7 [emphasis added].)  Further, he alleges all Defendants are his "joint employers," as they "jointly own, operate, and/or manage hotels" in New York (Compl., ¶ 20) – hotels that clearly include the New York Hilton (and the Waldorf Astoria).  It is utterly confounding for Plaintiff to argue Defendants are not parties to the Individual Arbitration Agreement while at the same time claiming they all are his "joint employer" and are "joint owners" of the New York Hilton.

Plaintiff's additional argument that the Individual Arbitration Agreement should not be applied retroactively warrants little discussion.  No precedent supports his claim that the law "merely showcases the ***possibility*** of applying an arbitration clause retroactively."  (Opp., p. 15.) All authority is to the contrary, and the case Plaintiff cites, *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88 (2d Cir. 1999), applied the agreement retroactively.

With respect to the CBA's Arbitration Article, his argument fares no better.  Initially, his claim that neither he, nor the Waldorf Astoria, are parties to the CBA is silly.  As a Union member,

---

[6] The Individual Arbitration Agreement also covers "***any*** dispute between the Company and [Plaintiff]." (Piesco Decl., Ex. G [emphasis added].)  Such broad language demonstrates the parties' intent that the issue of arbitrability be decided by an arbitrator.  *See, e.g.*, *Local One Security Officers Union v. N.Y. Univ.*, 2019 WL 4254026, at *3 (S.D.N.Y. Sept. 9, 2019).

he is party to and bound by the CBA.  *See*, *e.g.*, *Richardson v. Am. Arbitration Ass'n*, 888 F. Supp. 604, 605 (S.D.N.Y. 1995); *Plummer v. Klepak*, 48 N.Y.2d 486, 489 (1979).  Likewise, there is no question that the Waldorf Astoria was at all relevant times a party to the CBA:  the Hotel Association of New York City, Inc. entered into the CBA on the behalf of "the hotels . . . who are active members of the ASSOCIATION . . . and [those] hotels . . . ***shall become parties hereto by agreeing to this Agreement***."  (Piesco Decl., Ex. B, p. 1 [emphasis added].)  During all relevant times, the Waldorf Astoria was an active member of the Association and therefore party to the CBA.[7]  (*See* Supp. Wilcox Decl., ¶¶ 2-3; *see also* Supp. Piesco Decl., Ex. 1, p. 4.)  Accordingly, all direct employers of the Union-represented employees at the Waldorf Astoria were also bound by same.  (*See* Wilcox Decl., ¶¶ 7-8, 10.)

Arbitration must be compelled under the CBA because the Arbitration Article provides in no uncertain terms that "[a]ny questions regarding arbitrability, substantive, procedural, or otherwise, or regarding the [arbitrator's] jurisdiction or authority, shall be submitted to the [arbitrator] in accordance with this Article."  (Piesco Decl., Ex. B, p. 20.)  Plaintiff concedes "the Parties here do not contest the meaning of the CBA," leaving open just the question of if his claims fall within the Arbitration Article's scope.  (Opp., p. 18.)  This issue is reserved for an arbitrator.

While the Court's inquiry should stop there, as detailed in Motion (*see* Motion, pp. 16-18), Plaintiff's claims are entirely contractual in nature and thus preempted by the LMRA.  *See Freeman v. River Manor Corp.*, 2019 WL 1177717, at *7 (E.D.N.Y. Mar. 13, 2019), *mod. on recon.*, 2019 WL 3578432 (E.D.N.Y. Aug. 5, 2019) (NYLL claims were "'inextricably intertwined with consideration of the terms of the CBA' such that they are preempted by Section 301 and must

---

[7] Moreover, the CBA expressly references both the Waldorf Astoria and New York Hilton.  (Piesco Decl., Ex. B, p. 7.)

be resolved in accordance with the CBA's grievance procedures.") (quoting *Allis-Chalmers Corp.
v. Lueck*, 471 U.S. 202, 213 (1985)).[8]  While Plaintiff contends his claims may be resolved by
merely "consulting" the CBA,[9] rather than interpreting its terms (*see* Opp., pp. 16-19), as set forth
in the Motion (*see* Motion, pp. 16-18), Plaintiff's claims arise directly from the CBA and the
Union-negotiated BSA.  *Levy v. Verizon Info. Servs., Inc.*, 498 F. Supp. 2d 586, 596-97 (E.D.N.Y.
2007).  Plaintiff's claims cannot be resolved without performing substantial analysis of the terms
of the CBA and the BSA, which incorporates the CBA, and in turn explicitly addresses gratuities
(*see* Piesco Decl., Ex. B, pp. 39-40), and the "gratuity and administrative charge" referenced in the
FAC (*see id.*, Ex. A).  Further, history demonstrates that the parties routinely relied on the
Arbitration Article to resolve gratuities-related disputes such as these.  (*See id.*, Exs. D, E, F).
Indeed, one such agreement expressly references that further disputes on the matter "shall be
subject to the grievance and arbitration provision of the IWA," *i.e.*, the Arbitration Article of the
CBA.  (*See id.*, Ex. E, ¶ 11.)

## III.    PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW

Plaintiff argues it is for a jury to determine whether the language of the BSA complies with
NYLL § 196-d.  Not so.  This Court has the authority to review the BSA and determine, as a matter
of law, that no issues of fact exist and that the BSA complies with the strictures set forth by the
New York Department of Labor, such as in its Hospitality Industry Wage Order and Opinion
Letter, dated March 11, 2010.  *See Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 332 (S.D.N.Y. 2010)

---

[8] Plaintiff's unjust enrichment claim also is preempted by the LMRA.  *See Stolarik v. N.Y. Times Co.*, 323 F. Supp.
3d 523, 544 (S.D.N.Y. 2018); *Shearon v. Comfort Tech Mech. Co.*, 936 F. Supp. 2d 143, 161 (E.D.N.Y. 2013).
[9] The cases Plaintiff relies on in support of his argument are inapposite.  *Foy v Pratt & Whitney Grp.*, which involved
employees suing their employer for negligent misrepresentation, found that the subject of the *alleged* false promise
was not addressed in the CBA.  127 F.3d 229, 234 (2d Cir. 1997).  Here, the CBA *specifically addresses* the negotiated
"service fees" and gratuities Plaintiff was contractually entitled to.  *Wynn v. AC Rochester*, which also concerned
employee-employer misrepresentation claims and relies heavily on *Foy*, is off-base for the same reasons.  273 F.3d
153 (2d Cir. 2001).

("[C]onsidering the many factors suggested by the March 11, 2010 NYDOL Letter, no reasonable jury could find that a reasonable customer would believe that the service charge was a gratuity . . . ."); *Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*, 160 A.D.3d 555, 555 (1st Dep't 2018), *leave to appeal denied*, 32 N.Y.3d 901 (2018) ("defendants' Banquet Event Order . . . which served as the detailed contract and bill for catered events, satisfied the statutory requirement that the administrative charge for events not be a charge purported to be a gratuity and that it be clearly identified so that a reasonable customer would understand that such charge was not purported to be a gratuity") (internal quotations omitted).

Moreover, Plaintiff does not even allege any customer ever was confused by the BSA warranting dismissal of his NYLL claim as a matter of law. *See Belizaire v. Ahold U.S.A., Inc.*, 2019 WL 280367, at *3 (S.D.N.Y. Jan. 22, 2019), *aff'd*, 796 F. App'x 51 (2d Cir. 2020) ("The Complaint fails to state a claim for a violation of NYLL § 196-d. The Complaint does not sufficiently plead that a reasonable customer understood the delivery fee to be a gratuity."); *Orozco v. Fresh Direct, LLC*, 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016) ("Plaintiffs have not plausibly alleged that a ***reasonable*** customer would have understood the delivery fee to have been a gratuity, taking into account common sense and the disclosure on [defendant's] website") (emphasis in original).

Likewise, Plaintiff's unjust enrichment claims fails as a matter of law. Plaintiff concedes he cannot claim unjust enrichment when the dispute concerns a contract, here the BSA and the CBA, which precisely set forth the gratuities and administrative charges agreed to between the Union and the Waldorf Astoria. *See*, *e.g.*, *IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 142 (2009).

## IV.    PERSONAL JURISDICTION OVER HWH DOES NOT EXIST

Plaintiff fails to demonstrate specific jurisdiction over HWH.  Such jurisdiction exists only where a defendant (i) "transacts any business" in New York, *and* (ii) the cause of action "arises from" or has a nexus with such transaction.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (citation omitted).  HWH does not transact any business in New York (*see* Wilcox Decl., ¶ 9), and Plaintiff's bald allegation that it does is insufficient.  Even if it did, he alleges no "nexus" between such purported activity and his claims (because none exists).

Moreover, HWH's SEC filings – on which Plaintiff solely relies – do not show it "transacts business" in New York.  These filings merely identify HWH's portfolios and "holdings," including myriad hotel properties, throughout the world; this is consistent with the Wilcox Declaration, which identifies the actual entities that owned or managed the Waldorf Astoria, and explains that HWH does not directly own or manage *any* hotel properties in New York.  A foreign parent corporation is not "at home" in New York simply because a subsidiary entity conducts business here.  *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014); *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 136 (2d Cir. 2014); *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020).

## V.    HWH AND HLT ARE NOT JOINT EMPLOYERS

Under the NYLL, *each* Defendant must be an "employer" to be liable.  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).  Joint employment depends on the level of control exercised by the nominal employer over the employees at issue.  *In re Domino's Pizza Inc.*, 2018 WL 4757944, at *4 (S.D.N.Y. Sept. 30, 2018).  Here, Plaintiff points to nothing but conclusory allegations in the FAC as support for his "joint employer" claim as to HWH and HLT.  (*See* Opp., n.3.)  There is not a single actual "factual" allegation supporting Plaintiff's joint

employer claim (as the HWH/HLT, or any of the Defendants for that matter).  To the extent the Court reaches this issue, dismissal is warranted.  *Cf. Xiaoyan Liu v. Canteen 82 Inc.*, 2018 WL 6067228, at \*5 (S.D.N.Y. Nov. 20, 2018) (considering **specific** factual allegations that, *inter alia*, the alleged joint employer hired employees, assigned job duties, etc.).

It is undisputed that Plaintiff was employed directly by (i) Park, until September 15, 2016; (ii) then by Hilton Domestic, until January 1, 2017; and (iii) finally by WAM, until March 2017. (*See* MTD, p. 25; s*ee also*, Wilcox Decl., ¶¶ 7-8.)  There are no allegations in the FAC that HWH nor HLT **ever** employed Plaintiff or exercised any control over him.  *See In re Michael Stapleton Assocs. Ltd.*, 2018 WL 3962931, at \*3 (S.D.N.Y. Aug. 17, 2018) (granting 12(b)(6) motion where plaintiff failed to allege facts addressing formal or functional control factors); *Lopez v. Acme Am. Envtl. Co.*, 2012 WL 6062501, at \*5 (S.D.N.Y. Dec. 6, 2012) (same); *Hugee v. SJC Grp., Inc.*, 2013 WL 4399226, at \*8-10 (S.D.N.Y. Aug. 14, 2013) (same).

## CONCLUSION[10]

Based on the foregoing, and as further set forth in Defendants' opening memorandum of law, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6), or in the alternative, compel Plaintiff's claims to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

---

[10] Contrary to Plaintiff's claims, jurisdictional discovery is not warranted.  The Wilcox Declaration definitively establishes that:  (i) Plaintiff was only ever employed by Park, Hilton Domestic and WAM – and not HWH nor HLT; and (ii) HWH is a Delaware publicly traded corporation, with its principal place of business in Virginia, that has no employees, and does not now, nor has it ever, conducted any business in New York.  (*See* Wilcox Decl., ¶¶ 7-9.) Plaintiff has provided no valid grounds to embark on needless discovery.  Likewise, Plaintiff's request for leave to file a second amended complaint should be denied because there is nothing Plaintiff possibly could allege to change the undisputed facts that:  (i) Plaintiff can only possibly represent 66 potential class members, and CAFA jurisdiction does not exist; (ii) Plaintiff agreed to arbitrate his claims; (iii) HWH does not transact business in New York for personal jurisdiction to exist; and (iv) neither HWH nor HTL were ever Plaintiff's employer at any time and thus are not "joint employers."  *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017).

Dated: New York, New York
         August 10, 2020

**DLA PIPER LLP (US)**

By: /s/Joseph A. Piesco, Jr., Esq.

Joseph A. Piesco, Jr., Esq.
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel: (212) 335-4500; Fax: (212) 335-4501
joseph.piesco@dlapiper.com

*Attorneys for Defendants*

11