USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/26/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MORANA, *individually and on behalf of all other persons similarly situated*,

        Plaintiff,

v.

PARK HOTELS & RESORTS, INC. d/b/a/ HILTON WORLDWIDE HOLDINGS, INC., HLT NY WALDORF LLC, HILTON DOMESTIC OPERATING CO. INC., WALDORF=ASTORIA MANAGEMENT LLC,

        Defendants.

No. 20-CV-2797 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Michael Morana brings this putative class action on behalf of individuals who are alleged to have worked as tipped service workers in New York for Defendants Park Hotels & Resorts, Inc. d/b/a/ Hilton Worldwide Holdings, Inc., HLT NY Waldorf LLC, Hilton Domestic Operating Co. Inc., and Waldorf=Astoria Management LLC (collectively, "Defendants"), principally alleging that Defendants failed to properly distribute service-fee surcharges as required by New York Labor Law ("NYLL"). Now before the Court is Defendants' motion to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6), or, in the alternative, to compel arbitration. For the reasons that follow, the Court finds that Plaintiff has failed to meet his burden of establishing jurisdiction under the Class Action Fairness Act ("CAFA"). The motion to dismiss is therefore granted on that basis.

**BACKGROUND**

The following facts are drawn from the First Amended Complaint ("Complaint"), the Declaration of Owen Wilcox, Dkt. 35 ("Wilcox Decl."), the Declaration of Joseph A. Piesco, Dkt. 36 ("Piesco Decl."), and the exhibits thereto. For the purposes of determining jurisdiction pursuant to this motion, the Court accepts all of Plaintiff's well-pled allegations as true. *See, e.g., Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l,* 790 F.3d 411, 416–17 (2d Cir. 2015).

**I.   Factual and Procedural Background**

Plaintiff Michael Morana, a citizen of New York, alleges that he was employed by Defendants as a banquet worker at the Waldorf Astoria hotel in New York City from 1999 until March 2017. Compl. ¶ 7. Morana seeks to represent a class comprising "all people who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to, food and beverage servers, in-room dining servers, banquet workers, and other similar hourly and non-exempt service workers throughout the State of New York within the six years preceding the filing of [the] Complaint." *Id.* ¶ 8.

Plaintiff alleges, upon information and belief, that Defendants Park Hotels & Resorts Inc. ("Park") d/b/a/ Hilton Worldwide Holdings, Inc. ("HWH")[1] and Hilton Domestic Operating Company Inc. ("Hilton Domestic") are Delaware corporations, and that Defendants HLT Waldorf LLC ("HLT") and Waldorf=Astoria Management LLC ("WAM") are Delaware limited liability companies. *Id.* ¶¶ 9-12. "Plaintiff is informed, believes, and thereon alleges that Defendants, individually and/or jointly, own, operate, and manage hotels, restaurants, and resorts throughout

---

[1] Defendants declare, in a submission appended to the instant motion, that Park and HWH are in fact distinct entities. *See* Dkt 35, Declaration of Owen Wilcox ("Wilcox Decl.") ¶¶ 1 & n.1, 3. Plaintiff accepts this characterization of Hilton's corporate structure. Accordingly, this opinion treats them as separate entities.

2

the United States, including in New York," *id.* ¶ 14, and that "Defendants jointly exercised control over Plaintiff and Class members with respect to their employment," *id.* ¶ 16.

From 2014 until March 2017, Plaintiff worked as a full-time banquet server at the Waldorf Astoria, a hotel allegedly operated and managed by Defendants. *Id.* ¶¶ 23-24. On average, he was paid a fee of $120 per event plus tips. *Id.* ¶ 24. According to Plaintiff, Defendants "routinely" add to the total cost for banquet services a "gratuity and administrative" surcharge between 22% and 23.75%, which is mandatory for customers. *Id.* ¶ 25. Plaintiff alleges that Defendants structure the terms of this surcharge in such a way that a "reasonable customer is unable to discern how much of the total portion of the surcharge will be remitted to non-exempt service workers and managerial non-service workers." *Id.* ¶ 25. In practice, Defendants allegedly pay servers only "a portion" of the surcharge, and retain the remainder for themselves or to pay non-service workers. *Id.* ¶ 27. Plaintiff alleges, upon information and belief, that "this same, or substantially similar, mandatory surcharge system is used across each of the Defendants' facilities throughout New York." *Id.* ¶ 29.

**II.     Class-Action Allegations**

Plaintiff seeks to represent a "New York Class" that he defines as:

> All current and former hourly, non-exempt employees, including but not limited to servers, food servers, beverage servers, banquet servers, or other employees with similar job duties employed by Defendants in New York any time starting six years prior to the filing of this Complaint until resolution of this action.

Compl. ¶ 44. Plaintiff alleges that members of that class are similarly situated to him because they, among other things, were and are employed by Defendants, perform work materially similar to Plaintiff in facilities owned, operated, or managed by Defendants, are paid on a per-event rate basis, and are required to abide by common work, time and pay policies in the performance of their jobs. *Id.* ¶¶ 33-38. According to Plaintiff, "Defendants have employed hundreds of people

3

similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint." *Id.* ¶ 40.

Plaintiff brings four causes of action on behalf of the New York Class. First, Plaintiff claims that Defendants' practices violate NYLL § 196-d, which prohibits employers from retaining (1) "any part of a gratuity", or (2) "any charge purported to be a gratuity for an employee." *Id.* ¶ 55. Specifically, Plaintiff maintains that Defendants' purportedly confusing surcharge policies violate "§ 196-d's clear directive [] that employers must distribute to service workers any 'charge purported to be a gratuity for an employee.'" *Id.* ¶ 57. According to Plaintiff, "[u]nwary customers" pay the service fees added to their banquet costs "reasonably believing that the entirety of the service fee will be remitted to the service workers as gratuity payment, as is the widely accepted custom throughout the hospitality industry." *Id.* ¶ 58.

Second, Plaintiff asserts that Defendants' conduct constitutes unjust enrichment under New York common law because the New York Class bestowed a benefit in the form of customarily tipped service, which Defendants have unlawfully retained in the form of "gratuity and administrative fees." *Id.* ¶¶ 67-70. According to the Complaint, the failure to distribute the entirety of these fees to their "intended beneficiaries" unjustly enriches Defendants to the detriment of class members, *i.e.*, non-managerial service employees. *Id.* ¶ 72. Third, Plaintiff maintains that the failure to provide accurate itemized wage statements violates NYLL § 195(3). *Id.* ¶ 75. Lastly, Plaintiff's fourth cause of action relies on allegations that Defendants failed to provide members of the New York Class with a written notice, in English and Spanish, that contains the categories of information required by NYLL § 195(1). *Id.* ¶ 81.

Plaintiff seeks damages for all unpaid gratuities, wages and other injures, a declaratory judgment that Defendants violated the New York Labor Law, and injunctive relief prohibiting Defendants from committing future violations of that law.

### III.    Additional Jurisdictional Facts

Defendants declare that the Waldorf Astoria closed for renovations in March 2017. Wilcox Decl. ¶ 7. Upon closure, "the employment of all banquet services employees was terminated and each of these employees (including Mr. Morana) was offered a severance package in exchange for executing a voluntary separation agreement and general release (the 'Release Agreement')." *Id.* ¶ 10. According to Defendants' business records, "the Waldorf Astoria employed no more than 162 banquet services employees during the relevant period of time," and 96 such employees executed the Release Agreement, meaning "that only 66 banquet services employees did not execute the Release Agreement as of the date hereof." *Id.* ¶ 11. As indicated by exemplars of the Release Agreement proffered by Defendants, the employee signatories agreed to "release and discharge the [Waldorf Astoria New York Hotel], Hilton Worldwide Holdings, Inc., the owner of the Waldorf Astoria" and all parents, subsidiaries, and successors "from any and all charges, claims, and actions arising out of [their] employment." Piesco Decl, Ex. C-1 ¶ 4. By signing the Release Agreement, an employee expressly "waive[s] any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class . . . based on such a claim in which [the Waldorf Astoria New York Hotel] or any released party as set forth in this Agreement is a party." *Id.*

Defendants also declare that in January 2018 Plaintiff was hired as a banquet server at the New York Hilton, an entity that is "owned, directly and/or indirectly, by" Defendants HWH and Hilton Domestic. Wilcox Decl. ¶¶ 13-14.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(1), a district court shall dismiss an action for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In determining whether that burden has been met, the Court must accept as true all material allegations in the complaint, and construe the complaint in favor of the plaintiff. *Cortlandt St. Recovery Corp.*, 790 F.3d at 417.

To the extent that a defendant makes "a fact-based Rule 12(b)(1) motion," the Court may refer to evidence outside of the pleadings. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems in the assertion of jurisdiction." *Id.* (internal quotation marks omitted). A plaintiff is entitled to rely on allegations in the complaint if the "evidence proffered by the defendant . . . does not contradict plausible allegations that are themselves sufficient to show standing" or otherwise establish jurisdiction. *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Nonetheless, the Court only accepts as true "factual" allegations that are "non-

conclusory." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017). A conclusory allegation made on information and belief is insufficient to make a claim plausible where the complaint's factual allegations do not raise a right to relief above the speculative level. *See id.* at 226; *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory.").

## DISCUSSION

### I. Jurisdiction Under the Class Action Fairness Act

The sole basis asserted in the Complaint for subject matter jurisdiction over Plaintiff's state law causes of action is the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Compl. ¶ 5. Plaintiff asserts that CAFA applies because the amount in controversy "is believed to exceed $5,000,000" and the "number of proposed class members in New York is believed to exceed 100." *Id.* Defendants challenge the applicability of CAFA, arguing that Plaintiff has standing only to "assert claims on behalf of banquet services employees at the Waldorf Astoria," which reduces the membership of the putative class below the required number of 100. Mot. at 9-11; *see* 28 U.S.C. § 1332(d)(5)(B) (district courts do not have original diversity jurisdiction over any class action in which "the number of members of all proposed classes in the aggregate is less than 100"). Because Plaintiff has not plausibly alleged that the mandatory surcharge system, or any other challenged practice, was replicated at Defendants' other hotels, the Court agrees that Plaintiff has failed to satisfy his burden of proving subject matter jurisdiction.

Plaintiff purports to bring claims on behalf of all tipped service employees employed at facilities owned and operated by Defendants, not just banquet servers at the Waldorf Astoria. *See, e.g.,* Compl. ¶ 8. To justify the breadth of the proposed class, Plaintiff alleges that he "is informed,

[and] believes . . . that [the] same, or substantially similar, mandatory surcharge system is used across each of the Defendants' facilities throughout New York." *Id*. ¶ 29. Defendants maintain that these allegations are "boilerplate" and conclusory, as evidenced by their lack of factual specificity as to the nature of the policies or practices that Defendants purportedly employ at their other establishments. *See* Mot. at 10-11. The Court agrees.

Plaintiff's allegations that the mandatory surcharge policy extended beyond the Waldorf Astoria—made on information and belief—do not satisfy the threshold of plausibility. The Second Circuit has held that that such allegations meet pleading requirements under two circumstances: where the facts are within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible. *Arista Recs., LLC*, 604 F.3d at 120. Plaintiff's allegations of commonality do not meet these requirements.

First, they do not pertain to "facts [that] are peculiarly within the possession and control of the defendant," *id*. Plaintiff is evidently privy to the mandatory surcharge policy at the Waldorf Astoria, as he alleges that the hotel routinely charges banquet-services customers fees ranging from 22% to 23.75%. *See* Compl. ¶ 25. Although Plaintiff currently works in a similar position as a banquet server at the New York Hilton—a hotel that is owned and operated by Defendants HWH and Hilton Domestic, *see* Wilcox Decl. ¶¶ 13-14, and whose tipped service employees would presumably qualify as members of the proposed class—he alleges nothing about the surcharge policies in place there. Given that Plaintiff is employed at another one of Defendants' New York facilities, which he alleges to engage in similarly illegal surcharge practices, the Court would expect Plaintiff to have access to information about the policies and practices at that facility and to have made some allegations specific to those policies. Accordingly, the Court is not persuaded that Plaintiff's "belief" about the extent of NYLL violations in Defendants' hotel network concerns

8

information that is exclusively in the possession and control of Defendants. The nature of the omitted information, a surcharge policy that the Court would expect is accessible not only to other members of the proposed class but also to banquet-services customers at Defendants' hotels, lends further support to this conclusion. *Cf. Barrett v. Forest Lab'ys, Inc.*, 39 F. Supp. 3d 407, 432 (S.D.N.Y. 2014) ("Information about how much a coworker is paid would seem to be precisely the type of information Plaintiffs would not have access to until discovery.").

Second, the Complaint does not allege factual information about any general similarities between Defendants' hotels that would render the inference of a common surcharge policy plausible. *See Arista Recs., LLC*, 604 F.3d at 120. Plaintiff makes no allegations about the particular role of any particular Defendant entity, or any particular facility. Instead, Plaintiff broadly alleges, upon information and belief, that Defendants engage in a joint enterprise. *See, e.g.,* Compl. ¶ 16 ("Defendants jointly exercised control over Plaintiff and Class members with respect to their employment."); *id.* ¶ 21 ("Defendants acted and continue to act as joint employers of Plaintiff because they jointly, directly, or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Class members."); *id.* ("Defendants jointly, directly or indirectly, control the employment terms, pay practices, and daily work of Plaintiff and similarly situated employees."). None of these boilerplate allegations contains any factual content that can be attributed to any specific Defendant, or to the particularities of this specific case.

Absent some factual support, the claim of a common policy does not rise "above the speculative level." *Arista Recs., LLC,* 604 F.3d at 120 (internal quotation marks omitted). In other words, the Complaint provides no indication that Plaintiff has any good-faith basis for claiming that Defendants applied the surcharge policy at other hotels. The Second Circuit has affirmed the

9

rejection of similarly unsubstantiated allegations where, as here, they are made upon information and belief. *Pyskaty*, 856 F.3d at 226 (rejecting allegation that defendant "engaged in similarly fraudulent transactions on other occasions" as "entirely speculative"); *see also Kid Car NY, LLC v. Kidmoto Techs. LLC*, No. 19-cv-7929 (PKC), 2021 WL 466975, at *13 (S.D.N.Y. Feb. 9, 2021) (rejecting as implausible allegations made upon information and belief that were factually unsupported); *Zappin v. Collazo*, No. 19 Civ. 10573 (LGS), 2020 WL 5646496, at *9 (S.D.N.Y. Sept. 22, 2020) (same). Accordingly, the Court will not credit Plaintiff's "belief" that Defendants employed a common surcharge policy throughout their facilities.

Setting aside the allegation that Defendants engaged in the challenged conduct at other properties, Plaintiff's claims of injury are confined to the Waldorf Astoria. The proposed class, which is limited to those who share common "questions of law or fact," Fed. R. Civ. P. 23(a)(2), therefore comprises only those employed as tipped banquet servers at that hotel during the relevant class period. Through a declaration from a Senior Vice President at a Hilton corporate entity, Defendants have proffered evidence that the number of eligible class members—those similarly situated to Plaintiff who have not waived their right to sue as part of a severance package—is 66. *See* Wilcox Decl. ¶ 11. The Court may consider this evidence on a 12(b)(1) motion as Defendants' challenge to jurisdiction, based on the quantity of eligible class members, is factual in nature. *See Carter*, 822 F.3d at 57. Indeed, Plaintiff does not dispute this fact in his opposition. Instead of "com[ing] forward with evidence on [his] own to controvert that presented by [Defendants]," *see id.*, Plaintiff relies on the allegation that his claims are representative of a class "comprised of members who work various jobs, and who work at various hotels owned and operated by Defendants," Opp. at 10. Because, as explained above, the allegations of commonality are not well-pled, they fail to contravene the evidence that the potential class comprises only 66 people.

Accordingly, the Court concludes that Plaintiff has not satisfied his burden of proving by a preponderance of the evidence that the class size meets CAFA's jurisdictional requirements. *See* 28 U.S.C. § 1332(d)(5)(B). Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore granted. Because the Court lacks jurisdiction over this action, it does not address the other grounds for dismissal brought by Defendants.

## II. Leave to Amend

Plaintiff requests leave to amend if any part of the Complaint is dismissed. Opp. at 29. Pursuant to Fed. R. Civ. P. 5(a)(2), a court should freely grant leave to amend "when justice so requires." *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (describing the standard set forth in Rule 15 as "permissive"). Because Plaintiff may be able to cure the jurisdictional defects in his Complaint by pleading additional facts, the Court will permit Plaintiff to file an amended complaint if he has a good-faith basis to do so.

To be viable, any amended complaint would have to include factually specific, non-conclusory allegations that Defendants employ a mandatory surcharge policy in their other hotels that is substantially similar to the one employed at the Waldorf Astoria and/or that the size of the putative class otherwise exceeds 100 eligible members. Additionally, in order to assist the Court in deciding other issues raised by the instant motion, any amendment shall also address 1) whether Plaintiff is or has been a member of the New York Hotel and Motel Trades Counsel, AFL-CIO; 2) whether and to what extent any collective bargaining agreement governed the terms of Plaintiff's employment at the Waldorf Astoria during the proposed class period; and 3) whether and to what extent Plaintiff's employment at the Waldorf Astoria was subject to other written terms or conditions.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted without prejudice to amend. If Plaintiff chooses to file an amended complaint, he shall do so by no later than April 16, 2021. Failure to file an amended complaint by that date will result in dismissal of this case with prejudice.

The Clerk of Court is respectfully directed to terminate the item at docket number 33.

SO ORDERED.

Dated:   March 26, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge