**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL MORANA, Individually and On Behalf Of All Other Persons Similarly Situated,<br><br>               Plaintiff,<br><br>   v.<br><br>PARK HOTELS & RESORTS, INC. d/b/a HILTON WORLDWIDE HOLDINGS, INC., HLT NY WALDORF LLC, HILTON DOMESTIC OPERATING CO. INC., and WALDORF=ASTORIA MANAGEMENT LLC,<br><br>               Defendants. | Case No.  1:20-cv-02797-RA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**DLA PIPER LLP (US)**
Joseph A. Piesco, Jr., Esq.
joseph.piesco@dlapiper.com
Garrett D. Kennedy, Esq.
garrett.kennedy@dlapiper.com
Alison M. Lewandoski, Esq.
alison.lewandoski@dlapiper.com
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY ..................................................4

LEGAL ARGUMENT ........................................................................................6

I.      LEGAL STANDARD.................................................................6

II.     THE SAC IS DEMONSTRABLY FRIVOLOUS ...................................7

A.     Plaintiff's Allegations Regarding the Albany and Saratoga "Hilton" Hotels Are Demonstrably False and Misleading ........................8

B.     The SAC Fails to Comply with the Court's Order; Plaintiff's Claims Must Be Arbitrated in Accordance with the FAA ..........................9

C.     Plaintiff's Gratuities Claim Has No Legal Merit and His Attempt to Represent a "Class" Beyond the Waldorf Astoria Is Frivolous............10

D.     Plaintiff's "Joint Employer" Claims Have No Ostensible Merit ..............13

CONCLUSION................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*,
    458 F. Supp. 2d 160 (S.D.N.Y. 2006)......................................................................12

*Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.*,
    28 F.3d 259 (2d Cir. 1994).....................................................................................6

*Corroon v. Reeve*,
    258 F.3d 86 (2d Cir. 2001)......................................................................................7

*Dennis v. Pan Am. World Airways, Inc.*,
    746 F. Supp. 288 (E.D.N.Y. 1990) .........................................................................8

*Derechin v. State Univ. of N.Y.*,
    963 F.2d 513 (2d Cir. 1992).....................................................................................6

*Enmon v. Prospect Capital Corp*,
    675 F.3d 138 (2d Cir. 2012)................................................................................6, 7

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
    12 N.Y.3d 132 (2009) ...........................................................................................13

*Laface v. E. Suffolk BOCES*,
    2019 WL 4696434 (E.D.N.Y. Sept. 26, 2019) .......................................................7

*Maldonado v. BTB Events & Celebrations, Inc.*,
    990 F. Supp. 2d 382 (S.D.N.Y. 2013)...................................................................10

*Margo v. Weiss*,
    213 F.3d 55 (2d Cir. 2000)......................................................................................6

*Offor v. Mercy Medical Ctr.*,
    2016 WL 3566217 (E.D.N.Y. June 25, 2016), *aff'd* 698 F. App'x 11 (2d Cir.
    2017) ...................................................................................................................6, 7

*Parnoff v. Fireman's Fund Ins. Co.*,
    796 F. App'x 6 (2d Cir. 2019) ..............................................................................13

*Rabin v. Mony Life Ins. Co.*,
    387 F. App'x 36 (2d Cir. 2010) ............................................................................13

*Williams v. PMA Cos., Inc.*,
    419 F. Supp. 3d 471 (N.D.N.Y. 2019)....................................................................4

**Statutes & Other Authorities**

12 NYCRR 146.2.19(c) ...................................................................................................................10

8 U.S.C. § 1332(d), *et seq.* ......................................................................................................1, 5

Fed. R. Civ. P. 11 ................................................................................................... *passim*

NYLL .................................................................................................................... *passim*

Defendants Park Hotels & Resorts Inc. (f/k/a Hilton Worldwide, Inc.) ("Park"), Hilton Worldwide Holdings Inc. ("HWH")[1], HLT NY Waldorf LLC ("HLT"), Hilton Domestic Operating Company Inc. ("Hilton Domestic"), and Waldorf=Astoria Management LLC ("WAM") (together, the "Defendants") respectfully submit this memorandum of law in support of their Motion for Sanctions (the "Motion") against plaintiff Michael Morana ("Plaintiff") and Plaintiff's counsel, John J. Nestico, Esq., Carolyn H. Cottrell, Esq. and William M. Hogg, Esq., as well as their law firm, Schneider Wallace Cottrell Konecky LLP (collectively, Plaintiff's "Counsel") pursuant to Fed. R. Civ. P. 11(c) ("Rule 11"), which seeks sanctions, including expenses and reasonable attorneys' fees incurred, as a result of having to respond to Plaintiff's frivolous Second Amended Complaint (ECF No. 46, the "SAC").[2]

## PRELIMINARY STATEMENT

Rule 11 requires that filings with a court have a good faith basis and be grounded in fact and law.  Not one of Plaintiff's now three complaints in this matter have complied with these well-understood requirements.  Indeed, Plaintiff and his Counsel completely, overtly and purposefully shirk Rule 11's obligations in filing the SAC following this Court's dismissal of Plaintiff's First Amended Complaint (ECF No. 46, "FAC") for failure to demonstrate jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA").  (*See* ECF No. 45, the "Order.")  As demonstrated herein, Plaintiff and his Counsel failed to heed the Court's express directive that any amended pleading must be brought in "good-faith."  (*See* Order p. 11.)  Even the most cursory reading of the SAC demonstrates that it (i) is nearly verbatim to the FAC; (ii) fails to rectify the

---

[1] The caption of the SAC misstates the proper name of "Park Hotels & Resorts Inc.," as well as, "Hilton Worldwide Holdings Inc."  Further, Plaintiff alleges that Defendant Park is doing business as Hilton Worldwide Holdings Inc. This is not correct.

[2] A true and correct copy of the exhibit ("Ex. [_]") submitted in support of Defendants' Motion is annexed to the Declaration of Joseph A. Piesco, Jr., dated May 28, 2021 ("Piesco Decl.").

serious deficiencies that led to the FAC's dismissal in the first instance; (iii) adds allegations regarding other purported "Hilton" hotels that are demonstrably false (these "Hilton" hotels are owned, managed and operated by franchisees, not any of the Defendants), which Plaintiff and his counsel would have known had they performed any reasonable investigation whatsoever; and (iv) does not even attempt to address any of the issues the Court expressly instructed Plaintiff to cover. Suffice it to say, no possible good-faith basis exists for filing the SAC.

The salient background is set forth in Defendants' Motion to Dismiss the SAC, or in the alternative compel the SAC's claims to arbitration (ECF No. 52, the "MTD"), filed simultaneously with the instant Motion.  Briefly, this action involves claims by Plaintiff, a former New York Waldorf Astoria (the "Waldorf Astoria") banquet services employee and member of the New York Hotel and Motel Trades Counsel, AFL-CIO (the "Union"), who seeks to represent all "tipped" employees at all of Defendants' hotels throughout New York State (the "Putative Class").  Plaintiff contends that the Banquet Services Agreement (the "BSA") applicable to banquet services employees at the Waldorf Astoria failed properly to advise customers of the "split" between administrative and gratuity charges, as required by the New York Labor Law ("NYLL").  (*See* SAC, ¶¶ 58-87.)

*First*, sanctions are appropriate because Plaintiff and his Counsel, in effort to expand Plaintiff's purported class beyond the Waldorf Astoria, willfully and materially misrepresent in the SAC that certain "Hilton" hotels in Albany and Saratoga have the "same" unlawful gratuities policies and practices as the Waldorf Astoria and the New York Hilton (which Plaintiff remarkably tells the Court in a footnote he has no claim against; yet, despite now having no constitutional standing still purports to pursue claims on behalf of a putative class of employees from this hotel). (*See* SAC, ¶¶ 28-33.)  However, as explained by Defendants in their Rule 11 letter, neither of these

2

"Hilton" hotels is owned, operated or managed by any of the Defendants; rather, both are independently owned, operated and managed by independent franchisees. Despite being expressly informed that these allegations are demonstrably false, Plaintiff and his counsel refused to withdraw same. The allegations are frivolous and not made in good-faith and, therefore, are sanctionable pursuant to Rule 11.

**Second**, sanctions are warranted because the SAC fails to comply with the Court's Order that any amended pleading "shall address" the following three issues: "1) whether Plaintiff is or has been a member of the New York Hotel and Motel Trades Counsel, AFL-CIO; 2) whether and to what extent any collective bargaining agreement governed the terms of Plaintiff's employment at the Waldorf Astoria during the proposed class period; and 3) whether and to what extent Plaintiff's employment at the Waldorf Astoria was subject to other written terms or conditions." (Order, p. 11.) None of these issues are addressed at all. The reason is simple: Plaintiff and his counsel have no legitimate basis in fact or law to argue that Plaintiff is not obligated to arbitrate his claims, either under his Union's Collective Bargaining Agreement (the "CBA") or the individual arbitration agreement he executed as a condition of his employment at the New York Hilton. Such obviously evasive conduct is sanctionable (perhaps even contemptuous).

**Third**, the Court should issue sanctions because none of Plaintiff's substantive claims have any legal or factual basis. As addressed in Defendants' initial Motion to Dismiss the FAC (*see* ECF Nos. 33-36, 40-42, the "Initial MTD"), the BSA is entirely consistent with the NYLL, its attendant regulations and the guidance from the New York Department of Labor ("NYDOL") for such agreements. To be clear, the BSA follows the law to a "T" and Plaintiff and his Counsel know this. That is why Plaintiff has now filed **three** complaints with this Court and not once has he alleged any specific provision of the BSA that is improper or inconsistent with the requirements

3

of the NYLL; to the contrary, the SAC – like the FAC before it – carefully avoids any reference to the BSA's specific terms.[3]  That the SAC omits any such allegations is all the more shocking in light of the fact that this Court expressly noted that the failure to include such factual contentions was a significant factor in dismissing the FAC.  (*See* Order, pp. 8-9.)

*Lastly*, in the Order, the Court held that Plaintiff's bald joint employer allegations were insufficient to support a joint employer claim.  But the SAC contains the ***same exact allegations***, and adds no further factual support for this argument.  Leaving aside the issue of personal jurisdiction, given the Court's decision there is no good-faith reason why Plaintiff and his Counsel continue to name HWH (a Delaware holding company) and HLT (which entity, along with HWH, never employed Plaintiff) as defendants in this case.  This conduct, too, is sanctionable.

Defense counsel take their professional obligations very seriously, and do not make this application for sanctions lightly.  The SAC, however, is the epitome of frivolous and vexatious litigation and a complete waste of this Court's and Defendants' time and resources.  Defendants respectfully submit that the instant Motion should be granted and sanctions, as this Court deems warranted and appropriate, should be issued against Plaintiff and/or his Counsel.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Defendants respectfully refer the Court to the recitation of relevant facts and procedural history set forth in their MTD, submitted simultaneously with this Motion.  (*See* MTD, pp. 4-11.)  In addition, Defendants note that a Rule 11 letter and required Notice of Motion were served on Plaintiff's Counsel on May 4, 2021, and that this Motion was not filed until after the expiration of

---

[3] While not referencing the BSA itself, the SAC incorporates it by reference by expressly referring to its section outlining the "gratuity and administrative charge" on ten separate occasions (*see* SAC ¶¶ 1-2, 25, 27, 29-30, 51, 62, 65).  *See Williams v. PMA Cos., Inc.*, 419 F. Supp. 3d 471, 482 (N.D.N.Y. 2019) (court may consider documents referred to in the complaint in connection with a 12(b)(6) motion without converting to summary judgment motion).

Rule 11's 21-day "safe harbor" provision.  (*See* Declaration of Joseph A. Piesco, Jr., dated May 28, 2021, ¶ 2 and Exs. A-B [cover letter to Plaintiff's Counsel, dated May 4, 2021, enclosing Notice of Motion and demanding withdrawal of the SAC and certificate of service of same].)  In response to the Rule 11 letter, on May 21, 2021, Counsel for Plaintiff requested a conference call to discuss same (rather than providing any written response).  On May 24, 2021, counsel for the parties met and conferred regarding Defendants' anticipated Motion, during which Plaintiff's Counsel sought Defendants' consent to once again amend Plaintiff's complaint.  However, counsel for the defense did not consent to another repleading, given that Plaintiff's Counsel could not proffer a reasonable basis to continue to pursue Plaintiff's claims in what would be the ***fourth*** complaint filed in this matter.

Indeed, in response to Defendants' position that the allegations regarding the "Hilton" hotels in Albany and Saratoga are frivolous, given that these are franchised properties, Plaintiff's counsel responded that such allegations were included for "illustrative" purposes, and that their inclusion did not necessarily mean that Plaintiff would seek to represent a class from those hotels during the certification stage of this litigation.  This belated position is, of course, sheer nonsense because the entire reason Plaintiff and his Counsel included these false allegations was part and parcel to their effort to meet CAFA's jurisdictional threshold and to expand the Putative Class beyond the Waldorf Astoria following the Court's Order.[4]

Further, when asked why Plaintiff blatantly ignored the Court's instructions to address his Union-affiliation, the CBA and the terms and conditions governing his employment at the Waldorf

---

[4] Plaintiff's argument that the Court would somehow include employees from these independently owned franchised hotels (at which he never worked and has no personal knowledge whatsoever) for purposes of determining CAFA jurisdiction, only for Plaintiff to then inform the Court during the "certification stage" that their inclusion was simply for "illustrative" purposes, and that Plaintiff is not seeking to represent them as part of any class, also is entirely frivolous.

Astoria, Plaintiff's Counsel responded that they read those Court instructions as "inappropriate" and unilaterally decided to ignore them. Suffice it to say, the conference, like the SAC, was a waste of time and resources.

## LEGAL ARGUMENT

### I.   LEGAL STANDARD

Rule 11 authorizes a district court to sanction a party, attorney or law firm, who, without reasonable inquiry, tenders a submission that includes frivolous legal arguments that have no chance of success, and factual contentions contrary to undisputed evidence. *See* Fed. R. Civ. P. 11(b); *Offor v. Mercy Medical Ctr.*, 2016 WL 3566217, at \*2 (E.D.N.Y. June 25, 2016), *aff'd* 698 F. App'x 11 (2d Cir. 2017). "Sanctions under Rule 11 do not require a finding of bad faith," but rather "the operative question" is "whether the argument is frivolous, *i.e.,* the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Id.* (*quoting Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (internal quotation marks omitted)). "Reasonableness" is measured by an "objective standard." *Margo v. Weiss*, 213 F.3d 55 (2d Cir. 2000); *Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.*, 28 F.3d 259 (2d Cir. 1994); *Derechin v. State Univ. of N.Y.*, 963 F.2d 513 (2d Cir. 1992). Stated otherwise, Rule 11 does not permit an "empty-head pure-heart" defense. *Margo*, 213 F.3d at 64 (*citing* 1993 Advisory Committee Rules, Note to 1993 amendments to Fed. R. Civ. P. 11).

A district court may also invoke its inherent powers to impose sanctions upon a finding that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Offor*, at \*2 (*quoting Enmon v. Prospect Capital Corp*, 675 F.3d 138, 143 (2d Cir. 2012)). Sanctions are thus proper

where actions by parties or attorneys, "are so completely without merit as to require the conclusion

that they must have been undertaken for some improper purpose . . . ." *Enmon*, 675 F.3d at 143.

## II.      THE SAC IS DEMONSTRABLY FRIVOLOUS

Plaintiff's SAC has no colorable merit.  It fails to correct any of the deficiencies from the

FAC, or even address those issues which the Order expressly instructed Plaintiff to cover if he

chose to file an amended pleading, including, most importantly, that any repleading only be filed

in "good-faith."  (Order, p. 11.)  Instead, the SAC is nearly identical to the FAC, adding four new

paragraphs (*see* SAC, ¶¶ 28-31), and editing two others (*see id.*, ¶¶ 32-33).

The SAC also contains a bizarre footnote in which Plaintiff now states he has no personal

claim against the New York Hilton (in some obviously misguided effort to avoid his arbitration

obligations); yet, now having no legal basis whatsoever (*i.e.*, having no constitutional standing)

continues to seek to represent a class of persons at same (*see id.*, ¶ 31, n.1).  In short, Plaintiff's

SAC "is utterly devoid of a legal or factual basis" and is therefore frivolous.  *Offor*, at *2 (*quoting

Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999)); *Corroon v. Reeve*,

258 F.3d 86, 92 (2d Cir. 2001) (finding Rule 11 violation when "a pleading has no chance of

success and there is no reasonable argument to extend, modify, or reverse the law as it stands.").

The fact that Plaintiff's repleading after the Order is so facially without merit leads to only

one conclusion:  the SAC was filed for improper vexatious purposes, and for no other reason than

to force Defendants to needlessly waste their valuable time and resources having to defend against

this baseless action.  The SAC also is a complete waste of this Court's valuable and limited time

and resources.  Sanctions are warranted in these circumstances.  *See*, *e.g.*, *Laface v. E. Suffolk

BOCES*, 2019 WL 4696434, at *8 (E.D.N.Y. Sept. 26, 2019) (awarding sanctions where Plaintiff

submitted amended complaint containing erroneous factual allegations).

### A.    Plaintiff's Allegations Regarding the Albany and Saratoga "Hilton" Hotels Are Demonstrably False and Misleading

In an effort to extend his purported "class" beyond the Waldorf Astoria, the SAC now alleges that certain "Hilton" hotels in Albany and Saratoga have the "same" policies and practices as the Waldorf Astoria and the New York Hilton, and thus these hotels' banquet services agreements also violate the NYLL § 196-d.  (*See* SAC, ¶¶ 28-33.)  Plaintiff clearly has no personal knowledge of the gratuities practices at these hotels, and it is obvious that these allegations are based on nothing more than a visit to their websites.  Had any reasonable diligence been performed, Plaintiff and his counsel quickly would have been learned that neither of these "Hilton" hotels is owned, operated or managed by any of the Defendants.  (*See* ECF No. 53, Second Supp. Wilcox Decl., ¶¶ 6-8.)

To the contrary, these hotels are owned and operated by independent franchisees who do nothing more than license the use of the "Hilton" name under a contractual franchising arrangement.  (*See id.*, ¶¶ 2-5.)  Any "policies" or practices (or banquet services agreements) these franchised entities choose to employ with respect to banquet services charges are of their own making:  Defendants do not exercise any control over such arrangements, nor do they dictate the terms regarding same.  (*See id.*, ¶¶ 6-8.)  These allegations, which clearly are based on no investigation whatsoever, are frivolous and clearly not made in good-faith, in direct contravention this Court's Order (*see* Order, p. 11) and Rule 11.  *See Dennis v. Pan Am. World Airways, Inc.*, 746 F. Supp. 288, 291 (E.D.N.Y. 1990) (finding pleadings sanctionable and explaining, "Rule 11 sanctions are required if a reasonable pre-filing inquiry by a lawyer would lead to the conclusion that a claim had no chance of success.")

**B.**     <u>**The SAC Fails to Comply with the Court's Order; Plaintiff's Claims Must Be Arbitrated in Accordance with the FAA**</u>

The SAC fails to comply with the Court's clear directives from the Order.  (*See* Order, p. 11.)  Specifically, the Court directed that any amended pleading "shall address" the following three issues: (i) Plaintiff's Union membership; (ii) if a CBA governed his employment with the Waldorf Astoria; and (iii) if any other terms and conditions governed his employment.  (*See* Order, p. 11.) The SAC completely ignores this directive.

Clearly, the Court sought this information so it can, *inter alia*, address Defendants' arguments regarding Plaintiff's obligation to arbitrate his claims (on an individual basis), whether Plaintiff's unjust enrichment claim is barred by the applicable CBA (and/or the BSA), and whether the CBA and BSA, negotiated by Plaintiff's Union, addresses the precise gratuities claim made in the SAC.  Plaintiff did not address any of these issues in the SAC, either because he cannot do so or, more likely, because he is fearful that putting the actual facts before the Court will result in Defendants' motion to compel arbitration being granted.

Either way, it is strikingly obvious that there is no good-faith basis for Plaintiff to continue to argue that he is not obligated to arbitrate his claims.  (*See* MTD, pp. 14-16.)  Indeed, Plaintiff's arguments in his response to Defendants' Initial MTD (ECF No. 37, the "Opposition") that the arbitration agreement he executed in connection with his employment at the New York Hilton is not enforceable because the "Company" is not defined is nothing short of ridiculous – particularly given his "joint employer" claims – and his argument that this agreement cannot be applied retroactively, is belied by every single case addressing the issue in New York and the United States Supreme Court.  (*See* Opposition, pp. 11-14.)  Simply put, these frivolous arguments, are sanctionable under Rule 11.

Regardless, not only is Plaintiff's evasive conduct of this Court's directive sanctionable, but his attempt to perpetuate his claims in this Court notwithstanding his clear obligation to arbitrate same in accordance with the FAA is equally sanctionable.

**C.**   **Plaintiff's Gratuities Claim Has No Legal Merit and His Attempt to Represent a "Class" Beyond the Waldorf Astoria Is Frivolous**

The SAC's claims – claims that clearly are confined to the Waldorf Astoria – have absolutely no basis in fact or law.  Given the arguments made in his response to the Initial MTD (*see* Opposition, pp. 19-21), it is no shock that Plaintiff deliberately evades the actual language in the Waldorf Astoria's BSA, and continues to resort to amorphous allegations about "policies" and "practices" of charging administrative/service fees and gratuities in connection with banquet services.  However, what matters for purposes of NYLL § 196-d *is the language set forth in the actual agreement executed by the customer*.  *See* 12 NYCRR 146.2.19(c) (explaining that "[a]dequate notification" of administrative charges not purported to be a gratuity "shall include a statement in the contract or agreement with the customer" that such charge (or portion thereof) is for the administration of the banquet and is not purported to be a gratuity).

The NYDOL issued the following "illustrative but non-exhaustive" list of factors that address whether a reasonable customer would believe a particular service charge to be a gratuity, including, *inter alia*, font size and prominence of the notice, whether the label used to denote the charge would confuse patrons (noting that the label "administrative fee" is clearer than "service charge"), and whether the notice discloses the portion of the charge that is being distributed to the service staff.  *See Maldonado v. BTB Events & Celebrations, Inc.*, 990 F. Supp. 2d 382, 390 (S.D.N.Y. 2013) (citing NYDOL, Op. Ltr. RO-09-0181 Opinion Letter (Mar. 11, 2010)).  The BSA's terms are entirely consistent with such legal requirements, and therefore could not (and did

not) confuse or mislead any reasonable customers.  (*See* ECF No. 36-1.)  Moreover, it is telling

that Plaintiff has now filed ***three*** complaints and can do nothing more than allege unidentified

customers who told him they were confused.

Plaintiff's failure to actually address how the BSA purportedly violates NYLL § 196-d is

all the more remarkable given that Plaintiff and his Counsel (not to mention, the Court) now have

the actual BSA (attached as an Exhibit to the Initial MTD ).  This clearly is deliberate, as the actual

language in the BSA plainly delineates the Gratuity & Administrative Charge "split" ***precisely*** as

required by the NYLL § 196-d:

> **GRATUITY & ADMINISTRATIVE CHARGE: The combined gratuity and administrative charge that is in effect on the day of your Event will be added to your bill.  Currently, the combined gratuity and administrative charge is equal to 23.75% of the food and beverage, sundry and room rental total, plus applicable state and local tax.  A portion of this charge will be a gratuity as calculated by the following formula and fully distributed to servers, and where applicable, captains and/or bartenders assigned to the Event:**
>
> ·     **For functions held on the 4th floor and 18th floor Executive Meeting Center:  The gratuity will be the greater of: (i) 16.9% of Food & Room Rental and 18.4% of the Beverage total, or (ii) 15% of 96.3% of the combined Food & Beverage, Room Rental, Audio Visual Commission & other charges which are required by our Union contract to be subject to the combined gratuity.**
>
> ·     **All other Catering location Functions: The gratuity will be the greater of (i) 15.9% of the Food and Room Rental total and 17.9% of that amount in Beverage served for events inside the function room or 15% for all beverage service from a Service Bar; or (ii) 15% of 96.3% of the combined Food & Beverage, Room Rental, Audio Visual commission and other charges which are required by our Union contract to be subject to the combined gratuity.**
>
> **For all functions, the remainder of the combined gratuity and administrative charge (currently 23.75%) will be an administrative charge. This administrative charge is not a gratuity and is the property of the Hotel to cover discretionary costs of the Event.  We will endeavor to notify you in advance of your Event of any increases to the combined gratuity and administrative charge should different gratuities be in effect on the day of the Event pursuant to the applicable collective bargaining agreement.**

Next, as the Court previously held in the Order, Plaintiff's allegations of "commonality" across hotels – unchanged from the FAC to SAC – are deficient because they are "made on information and belief" and "do not satisfy the threshold of plausibility," given that Plaintiff failed to demonstrate either personal knowledge of such claims or any basis to infer commonality. (Order, pp. 8-9 [citing *Arista Records., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)].)  Indeed, the only substantive change from the FAC to the SAC is to add completely frivolous allegations, claiming that "Hilton" hotels in Albany and Saratoga have the "same" BSA policies and practices as the Waldorf Astoria and the New York Hilton – which entity Plaintiff remarkably tells the Court in a footnote he has no claim against, yet persists to seek to represent a class of individuals from this hotel.  (S*ee* SAC, ¶¶ 28-33 & n.1.)

Accordingly, there is no reason for this Court to deviate from the Order, where Plaintiff's only additional allegations relate to two franchisees, by whom Plaintiff was never employed, and whose gratuities practices are not even spelled out in the SAC.  *See Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 174 (S.D.N.Y. 2006) (a blind person would not have standing to bring a disability lawsuit on behalf of a deaf person because "[t]he injury-in-fact requirement of Article III does not allow for such broad notions of standing.  Plaintiffs only have standing to sue for actual injuries.") (citing *Lewis v. Casey*, 518 U.S. 343, 358, 358 n.6, (1996)). Nor is there any basis to expand the scope of any possible Putative Class beyond the Waldorf Astoria, given that Plaintiff alleges no "factual" allegations, other than generic "information and belief" contentions, which already have been rejected by the Court.  (Order, p. 8.)

Lastly, Plaintiff's unjust enrichment claim continues to fail as a matter of law.  It is well-settled that "[w]here the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that

subject matter is ordinarily precluded." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009). Plaintiff's gratuities claim stems from a contractual agreement, *i.e.*, the CBA (and the Union-negotiated BSA); thus, his claim for unjust enrichment must be dismissed. *See*, *e.g.*, *Rabin v. Mony Life Ins. Co.*, 387 F. App'x 36, 42 (2d Cir. 2010).

In short, Plaintiff has no possible claim beyond his employment at the Waldorf-Astoria. Beyond that, Plaintiff's NYLL § 196-d and related claims are frivolous.

### D. <u>Plaintiff's "Joint Employer" Claims Have No Ostensible Merit</u>

In the Order, the Court noted that Plaintiff's bald joint employer allegations in the FAC were insufficient to support a joint employer claim against each of the Defendants. (*See* Order, p. 9 [the FAC only "broadly alleges, upon information and belief, that Defendants engage in a joint enterprise," but such "boilerplate allegations" were insufficient as they did not "contain[] any factual content that can be attributed to any specific Defendant, or to the particularities of this specific case."] [citing FAC ¶¶ 16, 21].) Despite this, the SAC makes the same claims – verbatim – that the Court previously found wanting (*see* SAC ¶¶ 16, 21), while adding only irrelevant claims regarding hotels which are not owned or operated by any of the Defendants but are rather franchised properties.

Given the Court's decision, and the fact that Plaintiff alleges he "is not seeking individualized recovery and is not basing his individual causes of action pleaded [in the SAC] on Defendants' conduct at the New York Hilton" (*see* SAC, ¶ 28, n.1), it is shocking that Plaintiff continues to name HWH and HLT as joint employers in the SAC. *See Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 9 (2d Cir. 2019) (finding District court did not abuse its discretion in imposing Rule 11 sanctions for filing second complaint, which was similar to previous action). Plaintiff and his counsel simply refuse to accept the fact that no possible good faith claims against

HWH and HLT exist.   Continuing to name HWH and HLT as defendants in this case is sanctionable.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that this Court impose Rule 11 sanctions against Plaintiff and/or Plaintiff's Counsel and award Defendants' costs and attorneys' fees incurred in connection with their response to Plaintiff's SAC, for costs and attorneys' fees incurred in connection with these proceedings, and for such other relief as the Court deems reasonable and appropriate.

Dated:   New York, New York
          May 28, 2021

                                            **DLA PIPER LLP (US)**

                                            By: /s/Joseph A. Piesco, Jr., Esq.

                                            Joseph A. Piesco, Jr., Esq.
                                            joseph.piesco@dlapiper.com
                                            Garrett D. Kennedy, Esq.
                                            garrett.kennedy@dlapiper.com
                                            Alison M. Lewandoski, Esq.
                                            alison.lewandoski@dlapiper.com
                                            1251 Avenue of the Americas, 27th Floor
                                            New York, New York 10020
                                            Tel: (212) 335-4500; Fax: (212) 335-4501

                                            *Attorneys for Defendants*