John J. Nestico (N.Y. SBN 1724020)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (*Pro Hac Vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com

*Attorneys for Plaintiff and Class members*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MORANA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>PARK HOTELS & RESORTS, INC. d/b/a HILTON WORLDWIDE HOLDINGS, INC., HLT NY WALDORF LLC, HILTON DOMESTIC OPERATING CO. INC., and WALDORF=ASTORIA MANAGEMENT LLC<br><br>Defendants. | Case No. 1:20-cv-02797-RA |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

John J. Nestico (N.Y. SBN 1724020)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (admitted *pro hac vice*)
California Bar No. 166977
David C. Leimbach (admitted *pro hac vice*)
California Bar No. 265409
Ori Edelstein (admitted *pro hac vice*)
California Bar No. 268145
Kristabel Sandoval (admitted *pro hac vice*)
California Bar No. 323714
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
ksandoval@schneiderwallace.com

William M. Hogg (admitted *pro hac vice*)
Texas Bar No. 24087733
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

*Attorneys for Plaintiff and Class members*

## **TABLE OF CONTENTS**

I.   BACKGROUND AND SUMMARY ................................................................................2

II.   ARGUMENT AND AUTHORITIES ..............................................................................2

   A.  Legal Standard. ..........................................................................................................2

   B.  Plaintiff's allegations in the SAC regarding the New York Hilton, the Albany Hilton, and the Saratoga Hilton are objectively reasonable and made in good faith. ..................................2

   C.  Plaintiff attempted to cure his inadvertent omission of the Court's order..........................2

   D.  Plaintiff's gratuities claims in the SAC have good faith legal and factual bases.................2

   E.  Plaintiff's "joint employer" allegations are viable..........................................................2

III.  CONCLUSION..................................................................................................................2

# **TABLE OF AUTHORITIES**

**Cases**

*Abbas v. Dixon*
  480 F.3d 636, 640 (2d Cir. 2007)..................................................................................13

*Al Maya Trading Establishment v. Global Exp. Mktg. Co.*
  No. 16-CV-2140 (RA), 2017 U.S. Dist. LEXIS 39192, 15-16 (S.D.N.Y. Mar. 17, 2017) .........8

*Barfield v. New York City Health and Hosps. Corp.*
  537 F.3d 132, 143 (2d Cir. 2008)..................................................................................13

*Beng Khoon Loo v. I.M.E. Rest., Inc.*
  No. 17-cv-02558-ARR-RER, 2018 U.S. Dist. LEXIS 147436, *10 (E.D.N.Y. Aug. 29, 2018)
  ...................................................................................................................................13,14

*Carter v. Dutchess Community College*
  735 F.2d 8, 12 (2d Cir. 1984). ......................................................................................14

*Columbia Venture, LLC v. FEMA*
  562 F.3d 284, 288 (4th Cir. 2009).................................................................................11

*Davis v. 2192 Niagara St., LLC*
  2016 U.S. Dist. LEXIS 98351, *15-16 (W.D.N.Y. July 26, 2016) ................................12

*Esmilla v. Cosmopolitan Club*
  936 F. Supp. 2d 229, 243-44 (S.D.N.Y. 2013). ............................................................12

*Forrest Creek Assocs., Ltd. v. McLean Sav. & Loan Ass'n*
  831 F.2d 1238, 1245 (4th Cir. 1987).............................................................................11

*Herman v. RSR Sec. Servs. Ltd.*
  172 F.3d 132, 139 (2d Cir. 1999)..................................................................................13

*Irizarry v. Catsimatidis*
  722 F.3d 99, 110 (2d Cir. 2013)..............................................................................13, 14

*Kajoshaj v. New York City Dep't of Educ.*
  543 Fed. Appx. 11, 16 (2d Cir. 2013) ...........................................................................15

*Kaye v. Orange Reg'l Med. Ctr.*
  975 F. Supp. 2d 412, 422 (S.D.N.Y. 2013) .............................................................11, 13

*Klein v. Aicher*
  No. 19-CV-9172 (RA), 2020 U.S. Dist. LEXIS 128979, *22, 2020 WL 4194823 (S.D.N.Y. Jul. 21, 2020)........................................................................................................................8

*Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*
  8 F.3d 441, 449-51 (7th Cir. 1993) ...................................................................................11

*Ocampo v. 455 Hosp. LLC.*
  No. 14-CV-9614 (KMK), 2016 U.S. Dist. LEXIS 125928, *2, 13-14, 23, 29-30 (S.D.N.Y. Sep. 14, 2016)..................................................................................................................... 14, 15

*Rutherford Food Corp. v. McComb*
  331 U.S. 722, 730 (1947) ...................................................................................................14

*St. John's Univ. v. Bolton*
  757 F. Supp. 2d 144, 157 (E.D.N.Y. 2010) ........................................................................13

*Stern v. Leucadia Nat'l Corp.*
  844 F.2d 997, 1005 (2d Cir. 1988)). .....................................................................................8

*Storey v. Cello Holdings, LLC*
  347 F.3d 370, 387 (2d Cir. 2003);........................................................................................8

**Statutes and Other Authorities**

2 NYCRR § 146.2.19(d)..........................................................................................................13

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).................................................6

Fed. R. Civ. P. 11(c)(4)). ............................................................................................................8

Federal Rule of Civil Procedure 11(c)(2).................................................................................10

NYLL § 196-d. .........................................................................................................................12

## I.   BACKGROUND AND SUMMARY

Plaintiff, Michael Morana, worked as a banquet server for Defendants at the Waldorf-Astoria hotel in New York City and thereafter for Defendants as a banquet server at the New York Hilton, also in New York City. In this class action, Plaintiff asserts claims against Defendants for various wage-related and ancillary statutory violations under the provisions of New York Labor Law ("NYLL"), including improper retention of banquet charges purported to be gratuities. Plaintiff seeks to represent "[a]ll current and former hourly, non-exempt employees, including but not limited to servers, food servers, beverage servers, banquet servers, or other employees with similar job duties employed by Defendants in New York any time starting six years prior to the filing of this Complaint until resolution of this action." Plaintiff filed his First Amended Complaint ("FAC") in support of his class action claims on April 17, 2020. Dkt. 13. In the FAC, Plaintiff averred (as he does now) that this Court has subject matter jurisdiction over this class action under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Dkt. 13.

Defendants moved the Court to dismiss the FAC on a number of grounds, including under Federal Rule of Civil Procedure 12(b)(1). Dkts. 33 & 34. Specifically, Defendants presented evidence that the Waldorf-Astoria closed in 2017. Dkt. 34, p. 12. As part of the closure, all banquet service employees were terminated. *Id.* In connection with this reduction in force, 96 of the 162 banquet service employees executed a general release of claims in exchange for a severance package. *Id.* at p. 13. As a result, less than 100 (the threshold numerosity figure for CAFA diversity jurisdiction) Waldorf-Astoria banquet service employees remained eligible class members. *Id.*

The Court granted Defendants' Rule 12(b)(1) motion, finding the numerosity element of diversity jurisdiction under CAFA lacking. Dkt. 45, pp. 10-11. Because the Court granted

Defendants' Rule 12(b)(1) motion on these grounds the Court did not address the other grounds Defendants cited for dismissal. Dkt. 45, p. 11. The Court also gave Plaintiff the opportunity to amend the FAC in order to cure the CAFA diversity jurisdictional allegations. *Id.*

On April 15, 2021, Plaintiff filed his Second Amended Complaint ("SAC"). Dkt. 46. Defendants moved the Court to dismiss the SAC on May 28, 2021. Dkt. Nos. 51 & 52. Simultaneously, Defendants moved the Court to sanction Plaintiff and his counsel under Federal Rule of Civil Procedure 11. Dkt. Nos. 55 & 56. Defendants urge sanctions on four grounds. First, Defendants assert that the SAC's allegations concerning Defendants' improper service charge practices extending beyond the Waldorf-Astoria are demonstrably false and misleading. Dkt. 56, p. 12. Second, Defendants point to the fact that the SAC omits details the Court directed Plaintiff to address in the SAC. *Id.* at p. 13. Third, Defendants contend that Plaintiff's gratuities claim lacks good-faith legal or factual bases. *Id.* at pp. 14-17. Fourth, Defendants proclaim that Plaintiff's "joint employer" claims lack merit.

First, the SAC's allegations regarding the service charge policy in effect at the New York Hilton and the Albany and Saratoga Hilton hotels are supported by a sufficiently detailed factual foundation such that the allegations are objectively reasonable. Second, although they inadvertently omitted matters from the SAC that the Court directed them to address, Plaintiff attempted to cure this inadvertent omission within the "safe harbor" provision of Rule 11 but Defendants flatly refused, preferring to press their Rule 11 motion. Third, Plaintiff's gratuities claims have good faith legal and factual bases. Finally, Plaintiff's "joint employer" allegations are viable. For these reasons, discussed in more detail below, the Court should deny Defendants' Rule 11 motion.

## II. ARGUMENT AND AUTHORITIES

### A. Legal Standard.

The standard for triggering sanctions against an opponent or his counsel under Rule 11 is objective unreasonableness. *Klein v. Aicher*, No. 19-CV-9172 (RA), 2020 U.S. Dist. LEXIS 128979, *22, 2020 WL 4194823 (S.D.N.Y. Jul. 21, 2020) (quoting *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 387 (2d Cir. 2003); *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000)). "Rule 11 is 'targeted at situations where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" *Al Maya Trading Establishment v. Global Exp. Mktg. Co.*, No. 16-CV-2140 (RA), 2017 U.S. Dist. LEXIS 39192, 15-16 (S.D.N.Y. Mar. 17, 2017) (quoting *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988)). Ultimately, whether or not to impose Rule 11 sanctions is within a court's discretion. *Aicher*, 2020 U.S. Dist. LEXIS 128979 at *22 (citing *Sanko S.S. Co. v. Galin*, 835 F.2d 51, 53 (2d Cir. 1987)). If a court determines sanctions are warranted, the award "'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" *Aicher*, 2020 U.S. Dist. LEXIS 128979 at *22 (quoting Fed. R. Civ. P. 11(c)(4)).

### B. Plaintiff's allegations in the SAC regarding the New York Hilton, the Albany Hilton, and the Saratoga Hilton are objectively reasonable and made in good faith.

In the SAC, Plaintiff provides the factual foundation for asserting that Defendants impose their service charge policy beyond the Waldorf-Astoria. For example, Plaintiff alleges that, after separating from the Waldorf-Astoria, he "worked as a banquet server at Defendants' New York Hilton from approximately January 2018 through March 2020." SAC at ☐ 28. Further, "[d]uring

-8-

his time working banquets at the New York Hilton, Plaintiff saw and read many of the standardized banquet agreements utilized by the New York Hilton, which contained 'notification' language relating to the automatic surcharge tacked on for banquet services that is nearly-identical to the language used at the Waldorf Astoria." *Id.* Continuing on, Plaintiff asserts that "[a]s has been explained to [him] by his supervisors and has been made clear to [him] by way of his extensive work experience with Defendants across multiple hotels/facilities, this is a common practice among Hilton-operated hotels in New York." *Id.* In other words, Plaintiff relates his own, first-hand observations that support the premise that Defendants impose their service charge policy beyond the Waldorf-Astoria.[1]

Plaintiffs' first-hand observations would be enough, in and of themselves, to plausibly and reasonably support the averment that Defendants' service charge practices were not limited to the Waldorf-Astoria. But the SAC provides more. The SAC relates further that "at The Saratoga Hilton in Saratoga Springs, New York, Defendants likewise include a 'gratuity/administrative charge' in the amount of 22%." SAC, ¶ 31. Plaintiff also alleges that "'[a]t the Hilton Albany, Defendants include a similar combined administrative fee and service charge totaling 22%, which Defendants state is "'subject to change without notice.'" *Id.*

Defendants do not dispute the truth that the Albany and Saratoga Hiltons impose banquet service charges substantially similar to those they imposed at the Waldorf-Astoria and New York Hilton properties. Rather, Defendants insist that the Albany and Saratoga Hiltons are franchised properties and, thus, as a matter of law their service charge practices cannot be attributed to Defendants for purposes of Plaintiff's claims. But Defendants' position rests upon a faulty premise,

---

[1] Unlike the Albany and Saratoga Hiltons, Defendants do not contend that the New York Hilton is merely a franchised property.

-9-

*i.e.* that Defendants could not possibly be "employers" for wage-and-hour purposes over workers at those (purported) franchise properties. Plaintiff will address the fault in this premise in Section II.E below.

### C. Plaintiff attempted to cure his inadvertent omission of the Court's order.

By letter served under Federal Rule of Civil Procedure 11(c)(2), Defendants presented their grounds that sanctions were warranted. *See* Exhibit A, Declaration of William M. Hogg, ☐ 4. In Defendants' letter, they pointed out that the SAC failed to address: 1) whether Plaintiff is or has been a member of the New York Hotel and Motel Trades Counsel, AFL-CIO; 2) whether and to what extent any collective bargaining agreement governed the terms of Plaintiff's employment at the Waldorf Astoria during the proposed class period; and 3) whether and to what extent Plaintiff's employment at the Waldorf Astoria was subject to other written terms or conditions. *Id.* at ☐ 5 & Dkt. 57-1, p. 3. Plaintiff's failure to address these matters in the SAC was not intentional, however, but was due to mere inadvertence. *Id.* at ☐ 3. Upon Defendants' notification, Plaintiff's counsel contacted Defendants' counsel within the 21-day safe-harbor timeline and requested a conference by telephone. *Id.* at ☐ 6. During the telephonic meet and confer, Plaintiff's counsel admitted the inadvertent omission, and requested the opportunity to correct and cure the omissions under the "safe harbor" provisions of Federal Rule of Civil Procedure 11(c)(2) by filing an amended complaint. *Id.* at ☐ 7. Defendants, however, refused to consent to Plaintiff's filing of an amended complaint to correct and cure the omission and, instead, announced their intention to press their Rule 11 sanctions motion against Plaintiff and his counsel. *Id.* at ☐ 8.

Plaintiff's counsel recognizes the error in failing to address the matters regarding Plaintiff's status as a union member whether the CBA applies to his claims, which the Court outlined in its order. Plaintiff's counsel's omission, however, was not intentional. Further, Plaintiff's counsel

promptly attempted to cure the omission to avoid unnecessary motion practice, but Defendants were intent on seeking sanctions and would only forego this motion practice if Plaintiff agreed to withdraw his lawsuit in its entirety. *Id.* at ☐ 8. Plaintiff's counsel's isolated, inadvertent omission is not the type of "bad faith" conduct for which Rule 11 sanctions serve to deter, and imposing sanctions over same would constitute a basis for abuse of discretion. *See Columbia Venture, LLC v. FEMA*, 562 F.3d 284, 288 (4th Cir. 2009) ("[A]n isolated, inadvertent error does not justify Rule 11 sanctions. . . . Imposition of sanctions on this basis constitutes an abuse of discretion.") (citing *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 449-51 (7th Cir. 1993); *Forrest Creek Assocs., Ltd. v. McLean Sav. & Loan Ass'n*, 831 F.2d 1238, 1245 (4th Cir. 1987) ("[Rule 11] does not extend to isolated factual errors, committed in good faith . . . ")).

### D. Plaintiff's gratuities claims in the SAC have good faith legal and factual bases.

Defendants consistently and incorrectly assert that Plaintiff's gratuities claims arise out of Defendants' Banquet Services Agreement ("BSA"). Plaintiff's gratuities claims, however, are rooted in and arise from NYLL § 196-d, not any contract including the BSA or any CBA. *See*, *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 422 (S.D.N.Y. 2013) (NYLL wage claims derive from rights conferred by state law not by contract).

Per the terms of NYLL § 196-d, "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." NYLL § 196-d. Under the relevant regulations, there is "a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for 'service' or 'food service,' is a charge purported to be a gratuity." 12 NYCRR § 146-2.18(b)). In other words, the

-11-

presumption under the law is that, when an employer assesses a service charge for banquet services (such as Defendants' practice in this case), those service charges are gratuities that should be paid to the service employees and not retained by the employer. Thus, on its face, the SAC states a plausible, viable, and good-faith claim for unlawfully retained gratuities under NYLL § 196-d.

The burden of rebutting the § 146-2.18(b) presumption lies with the employer and it must do so with "clear and convincing evidence." 12 NYCRR §146.2.19(b); *Esmilla v. Cosmopolitan Club*, 936 F. Supp. 2d 229, 243-44 (S.D.N.Y. 2013). Other provisions of 12 NYCRR § 146.2.19 outline how employers may give "adequate notification" of the nature of banquet service charges and rebut the § 146-2.18(b) presumption. 12 NYCRR § 146.2.19 provides, in relevant part:

> (c) Adequate notification shall include a statement in the contract or agreement with the customer, and on any menu and bill listing prices, that the administrative charge is for administration of the banquet, special function, or package deal, is not purported to be a gratuity, and will not be distributed as gratuities to the employees who provided service to the guests. The statements shall use ordinary language readily understood and shall appear in a font size similar to surrounding text, but no smaller than a 12-point font.
>
> (d) A combination charge, part of which is for the administration of a banquet, special function or package deal and part of which is to be distributed as gratuities to the employees who provided service to the guests, must be broken down into specific percentages or portions, in writing to the customer, in accordance with the standards for adequate notification in subdivision (c) of this Section. The portion of the combination charge which will not be distributed as gratuities to the employees who provided service to the guests shall be covered by subdivisions (a), (b) and (c) of this Section.

12 NYCRR § 146.2.19 (c) & (d) (emphasis added).

Defendants rely heavily upon the service charge disclaimer contained in the BSA provide "adequate notification" to rebut the presumption set forth in 12 NYCRR § 146-2.18(b). The BSA's service charge disclaimer notwithstanding, Defendants must provide "adequate notification," not only in their contracts (like the BSA) with customers, but also "on any menu and bill listing prices. . ." 12 NYCRR § 146.2.19(c) (emphasis added); *see also*, *Davis v. 2192 Niagara St., LLC*, 2016

-12-

U.S. Dist. LEXIS 98351, *15-16 (W.D.N.Y. July 26, 2016) (quoting 12 NYCRR § 146.2.19(c)). The requirement that Defendants provide adequate notification on the banquet menu and the final invoice is also required when employing a "combination charge, part of which is for the administration of a banquet, special function or package deal and part of which is to be distributed as gratuities to the employees who provided service to the guests." *See* 12 NYCRR § 146.2.19(d).

But, again, because Plaintiff's gratuities claims are rooted in and arise from NYLL § 196-d, not any contract (*Kaye*, 975 F.Supp.2d at 422), the contents of the BSA (and any CBA) are irrelevant at the pleadings stage because the federal rules of civil procedure do not require a plaintiff to anticipate defensive matters in a complaint or plead in avoidance of them. *See*, *e.g.*, *St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 157 (E.D.N.Y. 2010) (a complaint need not anticipate possible affirmative defenses nor attempt to plead around them) (quoting *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007)). Defendants' sweeping pronouncement that the BSA conclusively establishes that Plaintiff's claims "have absolutely no basis in law or fact" is entirely premature and, at best, overstated.

### E. Plaintiff's "joint employer" allegations are viable.

The determination of "employer" status under the NYLL is highly fact-intensive. *Beng Khoon Loo v. I.M.E. Rest., Inc.*, No. 17-cv-02558-ARR-RER, 2018 U.S. Dist. LEXIS 147436, *10 (E.D.N.Y. Aug. 29, 2018) (quoting *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008)). "'[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case.'" *Beng Khoon Loo*, 2018 U.S. Dist. LEXIS 147436 at *10 (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). Employees can have multiple employers under the New York wage-and-hour laws, and an employer can be held liable even if it was not

personally complicit in the violations thereof. *Beng Khoon Loo*, 2018 U.S. Dist. LEXIS 147436 at *10 (E.D.N.Y. Aug. 29, 2018) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)).

The Second Circuit has identified two considerations in the "case-by-case" analysis of a particular defendant's "employer" status. *Beng Khoon Loo*, 2018 U.S. Dist. LEXIS 147436 at *11 (citing *Irizarry*, 722 F.3d at 110). The first consideration examines the particular defendant's authority over the management, supervision, and oversight of the subject enterprise's affairs in general. *Beng Khoon Loo*, 2018 U.S. Dist. LEXIS 147436 at *11 (quoting *Irizarry*, 722 F.3d at 111). The second consideration looks at an alleged employer's "direct control" over the plaintiff employees, including "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Beng Khoon Loo*, 2018 U.S. Dist. LEXIS 147436 at *12 (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)). No single consideration is controlling; rather courts are instructed to consider the totality of all the circumstances. *Beng Khoon Loo*, 2018 U.S. Dist. LEXIS 147436 at *12 (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

Against the foregoing backdrop, the case of *Ocampo v. 455 Hosp. LLC* is instructive. In *Ocampo*, the plaintiffs alleged that the Double Tree Hilton hotel where they worked was owned, operated, and managed by 455 Hospitality LLC. *Ocampo v. 455 Hosp. LLC*, No. 14-CV-9614 (KMK), 2016 U.S. Dist. LEXIS 125928, *2 (S.D.N.Y. Sep. 14, 2016). The plaintiffs, further, alleged that 455 Hospitality LLC was the franchisee of other named defendants (the "Franchisor Defendants") which granted licenses to various franchisees to operate Doubletree by Hilton Hotels in New York under "the Doubletree 'System.'" *Id.* The group of plaintiffs included banquet servers and other service employees who worked at the Hotel. *Id.* The plaintiffs brought various wage-

-14-

related claims against the defendants, including the Franchisor Defendants, including under the NYLL. *Id.* at *3.

The Franchisor Defendants argued that the plaintiffs could not plausibly allege an employment relationship with the Franchisor Defendants. *Ocampo*, 2016 U.S. Dist. LEXIS 125928 at *23. "Franchisor Defendants repeatedly assert that 'the Franchise Agreement clearly shows that . . . Plaintiffs were employed by 455 Hospitality, which was merely an independent contractor of Doubletree [HIS] . . . .'" *Id.* at *23-24. The court noted, however, that although "the Franchise Agreement may label 455 Hospitality 'an independent contractor,' '[e]conomic realities, not contractual labels, determine employment status . . .'" *Id.* at *24 (citations omitted). "Though Plaintiffs may ultimately fail to prove that Franchisor Defendants were joint employers under the FLSA and NYLL, the Second Amended Complaint has set forth enough allegations to survive a motion to dismiss, and Plaintiffs are thus entitled to test their claims in discovery." *Ocampo*, 2016 U.S. Dist. LEXIS 125928 at *29-30.

Moreover, Plaintiff's allegations need not be based strictly on first-hand, personal knowledge as Defendants advocate. In drafting their complaint, the *Ocampo* plaintiffs had a distinct advantage Plaintiff does not enjoy here. It is clear that the *Ocampo* plaintiffs had in their possession a copy of the operative franchise agreement at issue. *See*, *Ocampo*, 2016 U.S. Dist. LEXIS 125928 at *13-14 (detailing the complaint's numerous references to specific provisions in the franchise agreement). Unlike the *Ocampo* plaintiffs, at present the precise details of the franchise agreements between Defendants and the Albany and Saratoga Hiltons are solely within Defendants' knowledge and control. A pleadings allegation made on the basis of information and belief is generally appropriate where information is particularly within the defendant's knowledge and control. *Kajoshaj v. New York City Dep't of Educ.*, 543 Fed. Appx. 11, 16 (2d Cir. 2013).

The SAC contains reasonable allegations that Defendants imposed their service charge policy on employees – the precise policy for which Plaintiff's claims seek redress – beyond those at the Waldorf-Astoria hotel. The SAC includes allegations recounting Plaintiff's first-hand experience and observations of the service charge policy in place at both the Waldorf-Astoria and New York Hilton locations. In addition, the SAC provides a reasonable basis to conclude that Defendants have implemented a similar service charge policy at no less than two additional hotels, the Albany and Saratoga Hiltons. Defendants' bluster to the contrary, per the logic of *Ocampo* it is clearly both legally and factually possible that Defendants are "employers" for wage-and-hour purposes of the workers at both the Albany and Saratoga Hiltons, at the Waldorf-Astoria, the New York Hilton and, for that matter, all of Defendants' properties – owned, operated, or franchised – throughout the State of New York. Thus, it is objectively reasonable for Plaintiff to allege Defendants' service charge policy has impacted more than 100 workers over the last six years, giving rise to the numerosity element of CAFA jurisdiction. Under the totality of the circumstances, Plaintiff's allegations relative to service fees charged at the Albany and Saratoga (and New York) Hiltons are neither "objectively unreasonable" nor made in bad faith, and Rule 11 sanctions are not warranted thereon.

### III.   CONCLUSION

For the foregoing reasons, sanctions are not warranted against either Plaintiff or his counsel. Plaintiff, therefore, respectfully requests that the Court deny Defendants' motion for sanctions in its entirety.

Date: June 11, 2021

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*/s/ William M. Hogg*

John J. Nestico (N.Y. SBN 1724020)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (*pro hac vice*)
Ori Edelstein (*pro hac vice*)
Kristabel Sandoval (*pro hac vice*)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

William M. Hogg (*pro hac vice*)
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

*Counsel for Plaintiff and Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, I caused a copy of the above to be served upon counsel of record via the Court's CM/ECF filing system.

/s/ William M. Hogg
William M. Hogg